George Amos SCOTT *v.* STATE of Arkansas

664 S.W.2d 475

Supreme Court of Arkansas
Opinion delivered February 21, 1984

Petitioner, *Pro Se.*

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner George Amos Scott pleaded guilty in 1982 and subsequently filed a pro se petition to vacate that plea pursuant to A.R.Cr.P. Rule 37. The petition was denied on December 7, 1982, and no appeal was taken. In June, 1983, petitioner sought to file a petition for writ of mandamus with this Court asking that the trial court be directed to act on his Rule 37 petition. He was informed that the trial court had denied the petition on December 7, 1982. Now some six months later petitioner seeks a belated appeal of the circuit court order on the grounds that his petition was denied without a hearing and that he was not notified of the court's action.

Petitioner is not entitled to a belated appeal because his Rule 37 petition was denied without a hearing. The circuit court may deny a petition for postconviction relief without a hearing if the petition and files and records of the case conclusively show that the prisoner is entitled to no relief. Rule 37.3(a).

Petitioner is also not entitled to a belated appeal based on an unsubstantiated allegation that he received no notice of the court's ruling. A petitioner has the right to appeal an adverse ruling on a petition for postconviction relief. Rule 37.3(b). With that right, however, goes the responsibility to

file a timely notice of appeal. Petitioner makes the bare allegation that he was not notified of the trial court's order, but we note that petitioner waited six months from the time he sought to file a mandamus action and was told that his petition had been denied before filing his motion for belated appeal. He gives no support for the allegation that he was not notified of the denial of his petition, but more importantly, he offers no good cause for the further delay of six months before the motion for belated appeal was filed. At some point in time the opportunity to pursue remedies must end. As petitioner has not demonstrated that there was any reasonable basis for his failure to act, the motion for belated appeal is denied.

Although petitioner did not establish his right to a belated appeal under the facts of this case, his motion points up the need to revise the Rules of Criminal Procedure to provide for prompt, consistent notice to petitioners when a ruling is made on a petition for postconviction relief. Accordingly, Rule 37.3 is amended this date to require that a copy of the court's order be promptly mailed to the petitioner.

Motion denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I agree with the action taken to amend the rule; however, I strongly disagree with the majority opinion denying petitioner the right of a belated appeal. The majority rely on the particular facts of this case to deny the petition. The *fact* of this case, it seems to me, is that petitioner waited too long before asking for the appeal.

Petitioner had no way of knowing his request had been denied. No notice was sent to him. I have no trouble at all in understanding that an inmate in the department of corrections does not have an opportunity to inspect the courthouse records to find out if his petition has been ruled upon. The workload of our trial courts is so heavy that this type of motion often goes many months before being ruled

upon. Whether petitioner is right or wrong he is entitled to have us hear his appeal.