Terry PORTER *v.* STATE of Arkansas

698 S.W.2d 801

Supreme Court of Arkansas
Opinion delivered November 18, 1985

*Terry Porter, pro se.*

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner pleaded guilty to capital murder in January, 1984, and was sentenced to life imprisonment without parole. In February, 1985, he sought to vacate the plea pursuant to Criminal Procedure Rule 37. The petition was denied without a hearing on the day it was filed. No order was issued, but an entry was made on the docket noting the denial and stating that "previous Rule 37's have been denied and this motion is likewise

denied because [petitioner] is entitled to only one Rule 37 and he has had more than that." There is nothing on the docket or in the record to indicate that petitioner was ever informed that his petition has been denied. Petitioner now seeks permission for belated appeal of the trial court's decision denying the Rule 37 petition, contending that his failure to file a timely notice of appeal within thirty days of the date the order was entered was caused by the fact that he did not know that his petition had been denied.

██ ██   Without intending to comment on whether petitioner was entitled to a subsequent petition under Rule 37, we find good cause to grant a belated appeal. When a petition for postconviction relief is denied, the clerk of the court must promptly mail a copy of the court's order to the petitioner in accordance with Rule 37.3 (d) and our opinion in *Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984). We will grant a belated appeal under Rule 36.9 if the clerk neglects to comply with Rule 37.3(d). *Pennington v. State*, 286 Ark. 503, 697 S.W.2d 85 (1985). When there is some indication in the record that the clerk mailed the order, the burden is on the petitioner to establish that the clerk failed to do so. When the record is silent on whether the clerk complied with the rule and the Attorney General in his response to a motion for belated appeal is unable to provide the clerk's affidavit or some other proof that the order was mailed, it will be assumed that the petitioner was not notified of the denial of his petition.

In petitioner's case, there is no notation on the docket that he was notified by letter or otherwise that he had been denied relief and the Attorney General did not produce any proof to negate the conclusion that no one gave notice to the petitioner in time for him to file a timely notice of appeal. He is therefore entitled to a belated appeal. A petition for writ of certiorari will issue to bring up the record for review.

Motion granted.

PURTLE, J., not participating.