Jerry KELLY *v.* STATE of Arkansas

RC 89-14                                          768 S.W.2d 533

Supreme Court of Arkansas
Opinion delivered April 24, 1989

*Terry Crabtree,* for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant files a motion for belated appeal. His motion, with affidavit attached, originally asserted that he did not receive a copy of the trial court's order denying his Rule 37 petition until after his appeal time had expired. He further alleged the court's order failed to reflect that notice denying his petition was ever sent to appellant or his attorney. Appellant cites Rule 37.3(d) of the Rules of Criminal Procedure and *Porter* v. *State*, 287 Ark. 359, 698 S.W.2d 801 (1985), for the proposition that the circuit court was required to mail him a copy of the post-conviction order.

We find appellant's motion for belated appeal confusing, because someone crossed out with a pen the original allegations that indicated he never received notice of the trial court's order. After this alteration, his motion now reads that his attorney did not receive notice. The attorney general's office has filed a response, but offers no explanation for the lines drawn through the appellant's allegations, nor does the attorney general indicate it investigated whether the trial court may have mailed its post-conviction order to the appellant.

■   Obviously, the striken portion contained in appellant's motion raises the question that appellant may have received notice of the trial court's order. Nonetheless, we are unable to make any clear determination concerning this critical point, and for that reason, we remand this cause to the trial court for it to conduct a hearing to determine why appellant's motion was changed or modified and whether the notice requirement under Rule 37.3(d) was complied with.