Jerry KELLY *v.* STATE of Arkansas

RC 89-14                                        783 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered February 5, 1990

*Terry Crabtree*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. We have this matter before us on appellant's motion for belated appeal. On April 15, 1987, appellant pled guilty to three counts of rape and a controlled substance charge for which he received forty years, twenty years to be suspended

upon his good behavior. Appellant filed a pro se Rule 37 petition which was denied on September 23, 1987. Appellant and his mother then hired counsel on September 24, 1987. For some reason, appellant did not appeal the denial of his Rule 37 petition. Instead, he filed a petition for writ of habeas corpus in the United States District Court, Eastern District. That court dismissed appellant's petition without prejudice, and in doing so, recognized that the time for filing a motion for belated appeal had not expired. Appellant subsequently filed his belated appeal motion with this court on March 22, 1989, which was one day within the eighteen-month period required for filing such motions under A.R.Cr.P. Rule 36.9.

A motion for belated appeal will be granted if the appellant can demonstrate good cause in not filing a timely notice of appeal. *Conley* v. *State*, 286 Ark. 388, 691 S.W.2d 868 (1985). In support of his motion, appellant cites our cases that reflect that, when a Rule 37 motion is denied, the court clerk is required to notify the appellant of the court's action and if the clerk neglects to do so, the appellate court will grant a belated appeal. *See Pennington* v. *State*, 286 Ark. 503, 697 S.W.2d 85 (1985); *Scott* v. *State*, 281 Ark. 436, 664 S.W.2d 475 (1984); *see also* A.R.Cr.P. Rule 37.3(d). When the record is silent on whether the clerk complied with the rule and the Attorney General in his response to a motion for belated appeal is unable to provide the clerk's affidavit or some other proof that the order was mailed, it will be assumed that the petitioner was not notified of the denial of his motion. *Porter* v. *State*, 287 Ark. 359, 698 S.W.2d 801 (1985).

Here, appellant's motion and attached affidavit alleged that he had never been notified of the court's denial of his Rule 37 petition; however, someone, by pen, lined through those assertions denying receipt of notice, so we remanded this matter to the trial court for it to conduct a hearing to determine why the changes or alterations were made and whether notice had been given appellant by the clerk under Rule 37.3(d). *Kelly* v. *State*, 298 Ark. 465, 768 S.W.2d 533 (1989). On August 30, 1989, the trial court conducted a hearing and the parties stipulated the appellant had been timely notified that his Rule 37 petition had been denied, and he had received notice on the approximate date he had hired his counsel.

In sum, appellant's original allegations that he had never received notice of the court's denial of his Rule 37 petition were shown to be untrue. As a consequence, he has failed to show good cause for his having failed to file a timely notice from the trial court's order entered September 23, 1987.

Alternatively, appellant suggests that the counsel he hired on September 24, 1987, should have pursued the appeal and that counsel's having failed to do so was ineffective assistance of counsel which should entitle appellant to a belated appeal.

We find no merit to the contention in that the right to effective assistance of counsel under the Sixth Amendment does not extend to collateral attacks on a judgment. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Ross* v. *Moffitt*, 417 U.S. 600 (1974).