SLIP OPINION

Cite as 2013 Ark. 316

# SUPREME COURT OF ARKANSAS

No. CR-12-920

| | | |
|---|---|---|
| | | **Opinion Delivered** September 5, 2013 |
| BRIAN N. NELSON | | |
| | PETITIONER | PETITIONER'S PRO SE MOTION FOR BELATED APPEAL OF ORDER [GRANT COUNTY CIRCUIT COURT, 27CR-09-6, HON. PHILLIP SHIRRON, JUDGE] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | MOTION GRANTED. |

## PER CURIAM

Petitioner Brian N. Nelson was found guilty by a jury of four counts of sexual assault of a minor and sentenced to an aggregate term of 672 months' imprisonment. We affirmed. *Nelson v. State*, 2011 Ark. 429, 384 S.W.3d 534.

Subsequently, petitioner timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The trial court denied the petition. No appeal was taken, and petitioner now seeks leave to proceed with a belated appeal of the order.

Arkansas Rule of Appellate Procedure–Criminal 2(e) (2012) permits a belated appeal when good cause for the failure to file a notice of appeal is shown. If a notice of appeal is not timely filed, the burden is on the petitioner to establish good cause for the failure to comply with proper procedure. *Miller v. State*, 2013 Ark. 182 (per curiam); *Johnson v. State*, 2012 Ark. 47 (per curiam); *Cummings v. State*, 2010 Ark. 123 (per curiam); *Hale v. State*, 2010 Ark. 17 (per curiam); *see Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam). We have consistently held

that this burden applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Miller*, 2013 Ark. 182; *Smith v. State*, 2011 Ark. 367 (per curiam); *Cummings*, 2010 Ark. 123; *Hale*, 2010 Ark. 17 (citing *Daniels v. State*, 2009 Ark. 607 (per curiam)); *see also Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986) (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983) (per curiam).

Petitioner contends that the circuit court failed to send him a copy of the order denying petitioner's Rule 37.1 petition, which the court is required to do under Arkansas Rule of Criminal Procedure 37.3(d). We have held that the language of Rule 37.3(d) is mandatory. *Miller,* 2013 Ark. 182; *Robinson v. State*, 2013 Ark. 46 (per curiam); *Johnson*, 2012 Ark. 47; *Atkins v. State*, 2010 Ark. 392 (per curiam); *Cummings*, 2010 Ark. 123; *Hale,* 2010 Ark. 17 (citing *Tarry v. State*, 353 Ark. 158, 114 S.W.3d 161 (2003) (per curiam)). The rule is intended to "provide for prompt, consistent notice to petitioners." *See Scott v. State*, 281 Ark. 436, 438, 664 S.W.2d 475, 476 (1984) (per curiam).

Nothing in the record suggests that petitioner was properly notified under Rule 37.3 that the order had been entered, and the Attorney General, representing the respondent State, has not filed a response to petitioner's instant motion to refute the allegations contained in it, including the alleged failure to give notice that the order was entered. Where the record is silent, and the respondent is unable to provide an affidavit from the clerk of the circuit court or some other proof that the order was mailed, we must assume that the petitioner was not properly

2

notified. *Miller*, 2013 Ark. 182; *Robinson*, 2013 Ark. 46; *Johnson*, 2012 Ark. 47; *Fernandez v. State*, 2011 Ark. 17 (per curiam); *Atkins*, 2010 Ark. 392; *Cummings*, 2010 Ark. 123; *Hale*, 2010 Ark. 17 (citing *Porter v. State*, 287 Ark. 359, 698 S.W.2d 801 (1985) (per curiam)); *see also Kelly v. State*, 301 Ark. 294, 783 S.W.2d 369 (1990) (per curiam). We have consistently held that failure of the circuit court to abide by Rule 37.3(d) may establish good cause for a petitioner's failure to timely file a notice of appeal. *See, e.g.*, *Miller*, 2013 Ark. 182; *Robinson*, 2013 Ark. 46; *Johnson*, 2012 Ark. 47; *Fernandez*, 2011 Ark. 17; *Atkins*, 2010 Ark. 392; *Cummings*, 2010 Ark. 123; *Hale*, 2010 Ark. 17; *Chiasson v. State*, 304 Ark. 110, 798 S.W.2d 927 (1990) (per curiam); *see also Porter*, 287 Ark. 359, 698 S.W.2d 801. Our clerk is directed to lodge the record and set a briefing schedule for the appeal.

Motion granted.

*Brian N. Nelson*, pro se petitioner.

No response.