SLIP OPINION

# SUPREME COURT OF ARKANSAS

### No. CR-14-792

| | |
|---|---|
| LEONARD L. BEAN<br>PETITIONER | Opinion Delivered October 23, 2014 |
| V. | PRO SE MOTION FOR BELATED APPEAL<br>[SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-11-409] |
| STATE OF ARKANSAS<br>RESPONDENT | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | DENIED. |

**PER CURIAM**

In 2013, petitioner Leonard L. Bean was found guilty by a jury in the Sebastian County Circuit Court, Fort Smith District, of attempted rape and two counts of sexual assault in the second degree. He was sentenced to an aggregate term of 840 months' imprisonment. The Arkansas Court of Appeals affirmed. *Bean v. State*, 2014 Ark. App. 107, 432 S.W.3d 87. The mandate issued on April 10, 2014.

On June 18, 2014, petitioner filed in the circuit court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). On June 24, 2014, the circuit court denied the petition as untimely. *See* Ark. R. Crim. P. 37.2(c)(ii) (2013) ("[A] petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court."). No appeal was taken, and petitioner now seeks

leave to proceed with a belated appeal.[1]

A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Brewer v. State*, 2010 Ark. 59 (per curiam); *Burgess v. State*, 2010 Ark. 34 (per curiam). However, along with that right goes the responsibility to comply with our rules of procedure. Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) requires that a notice of appeal be filed within thirty days of the date of entry of an order denying a petition for postconviction relief under Rule 37. If the petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam). The burden lies with the petitioner to make a showing of good cause for the failure to comply with proper procedure. *Id.* The fact that a petitioner is proceeding pro se does not constitute good cause for the failure to conform to the prevailing rules of procedure. *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam).

Here, petitioner does not assert any reason for his delay in filing a notice of appeal; rather, he contends that the underlying Rule 37.1 petition was not timely filed because he did not receive a copy of the mandate. Because petitioner has shown no good cause for his failure to timely file a notice of appeal, his motion for belated appeal is denied.

Motion denied.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.
No response.

---

[1]We note that, following entry of the circuit court's order denying postconviction relief, petitioner filed a "motion for review," which the circuit court denied on July 8, 2014. Rule 37.2(d) of the Arkansas Rules of Criminal Procedure provides that "[t]he decision of the court in any proceeding under this rule shall be final when the judgment is rendered. No petition for rehearing shall be considered." The time for filing the notice of appeal is not extended by any posttrial motion filed after entry of an order denying Rule 37.1 relief. *Robbins v. State*, 2010 Ark. 312 (per curiam).