SLIP OPINION

Cite as 2015 Ark. 26

# SUPREME COURT OF ARKANSAS

No. CR-14-923

| | |
|---|---|
| TERRY ANTONIO LEE<br>PETITIONER | **Opinion Delivered** January 22, 2015 |
| V. | PRO SE MOTION FOR BELATED APPEAL<br>[PULASKI COUNTY CIRCUIT COURT,<br>NO. 60CR-10-48] |
| STATE OF ARKANSAS<br>RESPONDENT | HONORABLE BARRY SIMS, JUDGE |
| | MOTION GRANTED. |

**PER CURIAM**

In 2013, the Arkansas Court of Appeals affirmed petitioner Terry Antonio Lee's conviction on charges of committing a terroristic act, criminal attempt to commit first-degree battery, and four counts of aggravated assault. *Lee v. State*, 2013 Ark. App. 209. The mandate issued on April 16, 2013, and, on June 3, 2013, petitioner filed in the trial court a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). After a hearing, the court denied the Rule 37.1 petition by order entered April 16, 2014, from which petitioner now seeks to appeal. This court's clerk declined to lodge the record on appeal, and petitioner has filed a motion for belated appeal. We grant the motion, and we permit the appeal to go forward.

Arkansas Rule of Appellate Procedure–Criminal 2(a) requires that a notice of appeal must be filed within thirty days of the date that an order denying a petition for postconviction relief was entered, which would apply in this case so that the notice of appeal must have been filed no later than Friday, May 16, 2014. A petitioner has the right to appeal a ruling on a petition for

postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam). If a petitioner fails to file a timely notice of appeal, however, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.*

Petitioner contends that the circuit court clerk failed to send him a copy of the April 16, 2014 order denying postconviction relief until May 9, 2014. The notice of appeal was filed on May 19, 2014. Petitioner alleges that the clerk's failure to promptly notify him of the order caused the delay in filing the notice of appeal. The State has not responded to petitioner's motion so as to refute petitioner's claim that the order was not promptly mailed.

Arkansas Rule of Criminal Procedure 37.3(d) requires the circuit court to promptly mail a copy of an order disposing of a Rule 37.1 petition to the petitioner. The language in the rule is mandatory, and this court has recognized good cause to excuse the petitioner's failure to timely file a notice of appeal in cases where the circuit court has failed to abide by Rule 37.3(d). *Nelson v. State*, 2013 Ark. 316 (per curiam). Where the record is silent, and the respondent is unable to provide an affidavit from the clerk of the circuit court or some other proof that the order was mailed, we must assume that the petitioner was not properly notified. *Id.*

Here, petitioner alleges that a copy of the order denying postconviction relief was not mailed to him until more than three weeks after the order had been entered. The State has failed to respond to or contest that allegation; therefore, petitioner has stated good cause for the delay in filing the notice of appeal. *See id.* Because we grant the motion for belated appeal, our clerk is directed to lodge the record and set a briefing schedule for the appeal.

Motion granted.