SLIP OPINION

Cite as 2015 Ark. 173

# SUPREME COURT OF ARKANSAS

No. CR-15-162

| | | |
|---|---|---|
| | | **Opinion Delivered** April 16, 2015 |
| JOE E. BUTLER | PETITIONER | |
| V. | | PRO SE MOTION FOR BELATED APPEAL OF ORDER [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-10-2297] |
| STATE OF ARKANSAS | RESPONDENT | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | | MOTION TREATED AS MOTION FOR RULE ON CLERK AND DENIED. |

## PER CURIAM

In 2011, petitioner Joe E. Butler was found guilty in the Pulaski County Circuit Court of aggravated robbery and misdemeanor theft of property in case number 60CR-10-2297. He was also found guilty that same year in case number 60CR-10-2468 of being a felon in possession of a firearm, filing a false report with law enforcement, and misdemeanor fleeing. He was sentenced as a habitual offender in the cases to an aggregate term of 240 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment in both cases in one decision. *Butler v. State*, 2011 Ark. App. 708.

On January 10, 2012, petitioner timely filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). Petitioner placed the docket numbers for both cases on the petition, and the trial court entered separate orders on April 16, 2012, denying relief in each case. Petitioner filed a notice of appeal on April

SLIP OPINION

23, 2012, in which he designated the order being appealed as having been entered on March 1, 2012. The notice bore both docket numbers.

On February 25, 2015, petitioner filed in this court the pro se motion for belated appeal concerning the order in 60CR-10-2297 that is now before us.[1] In the motion, he initially states that he filed a notice of appeal pertaining to the order that denied his Rule 37.1 petition, but he then states that he "didn't know he had the right to appeal or file a notice of appeal." He argues that he is entitled to proceed with a belated appeal because he was not afforded counsel in the Rule 37.1 proceeding, the trial court failed to make adequate written findings as required by the Rule, and the evidence was insufficient to sustain the judgment.

We treat the motion as a motion for rule on clerk because it appears that the incorrect date in the notice of appeal, which designated a March 1, 2014, may have been a mere scrivener's error on petitioner's part. *See Parker v. State*, 2014 Ark. 542 (per curiam) (Where there was no order contained in the record that corresponded to the date of the order designated in the notice of appeal, but the notice of appeal filed by the petitioner was timely as to an order in the record, the error in the date of the order was found likely to have been a mere scrivener's error.); *see also Lenard v. State*, 2014 Ark. 248 (per curiam).

Even if the notice of appeal filed April 23, 2012, is accepted as applying to the April 16, 2012 order, however, petitioner has failed to state good cause for the subsequent late tender of

---

[1]Petitioner also filed on March 2, 2012, a pro se petition for writ of habeas corpus that encompassed both cases, which was denied on March 9, 2012. On March 23, 2012, petitioner filed a motion for directed verdict in the cases, which was denied on April 26, 2012. The instant motion for belated appeal does not refer to the denial of either the petition for writ of habeas corpus or the motion for directed verdict.

SLIP OPINION

the record to this court. Arkansas Rule of Appellate Procedure–Criminal 4(b) (2014) provides that a record must be tendered within ninety days of the date of the notice of appeal. When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for the failure to comply with procedural rules. *Nelson v. State*, 2013 Ark. 316 (per curiam). Ignorance of procedural rules alone does not excuse an appellant from conforming to the prevailing rules of procedure. *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam).

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Meadows v. State*, 2012 Ark. 374 (per curiam). The only statements in petitioner's motion that could be considered as reasons for the failure to perfect the appeal are references by petitioner to his lack of representation by counsel in the Rule 37.1 proceeding and the claim that his trial attorney failed to follow proper procedures to withdraw from his case and "to perfect appeal through the Supreme Court." Neither statement explains petitioner's failure to act to perfect an appeal from the April 16, 2012 order that denied relief under the Rule.

Motion treated as motion for rule on clerk and denied.

*Joe E. Butler*, pro se petitioner.

No response.