SLIP OPINION

Cite as 2015 Ark. 198

# SUPREME COURT OF ARKANSAS

No. CR-15-148

| | |
|---|---|
| BILLY D. GREEN<br>PETITIONER | **Opinion Delivered** May 7, 2015 |
| V. | PRO SE MOTIONS FOR RULE ON CLERK AND APPOINTMENT OF COUNSEL [RANDOLPH COUNTY CIRCUIT COURT, NO. 61CR-03-122] |
| STATE OF ARKANSAS<br>RESPONDENT | HONORABLE HAROLD S. ERWIN, JUDGE |
| | MOTION FOR RULE ON CLERK TREATED AS PETITION FOR BELATED APPEAL AND DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT. |

**PER CURIAM**

Following his conviction on four counts of capital murder and one count of kidnapping, petitioner Billy D. Green filed in the trial court a timely, verified pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that the trial court denied by two orders entered April 3, 2014 and August 11, 2014. The clerk of this court declined to file the tendered record for appeal on the basis that there was no timely notice of appeal as to either order. Green then filed this pro se motion for rule on clerk in which he seeks to lodge the record and proceed with the appeal. He later filed a motion seeking appointment of counsel. Because we determine that the notice of appeal contained in the record was not timely filed, we treat the motion as a petition for belated appeal and deny it. *See McCullough v. State*, 2010 Ark. 394 (per curiam) (holding that a motion for rule on clerk and belated appeal was

SLIP OPINION

properly treated as a motion for belated appeal where the notice of appeal was not timely filed). The motion for counsel is therefore moot.

The April 3, 2014 order denied the petition for postconviction relief on the basis that it exceeded the page limitation in Rule 37.1(b). On May 5, 2014, Green filed a motion for reconsideration in which he contended that the trial court had incorrectly included the page containing his verification of the petition when calculating its length.

On July 1, 2014, Green filed a notice of appeal as to the April 3, 2014 order, and on August 11, 2014, the trial court entered another order denying the Rule 37.1 petition, this time addressing the merits of the claims in the petition. On October 10, 2014, Green filed a notice of appeal as to the August 11, 2014 order. He attached to this second notice of appeal an affidavit from the mail-room supervisor at the prison where he was incarcerated. The supervisor attested that a certified letter from the circuit clerk to appellant, while marked as "refused," had not been received at the unit or offered to appellant, and had likely been returned by the local post office because the letter had not been properly addressed for delivery, in that it did not indicate Green's ADC number.

We need not address whether the notice of appeal for the August 11, 2014 order was timely because the trial court's April 3, 2014 order was a final order, and Green did not file a timely notice of appeal from that order. Under Arkansas Rule of Criminal Procedure 37.2, the decision of the court is final when rendered, and no petition for rehearing shall be considered. Ark. R. Crim. P. 37.2(d). The August 11, 2014 order was not a valid, appealable order.

In the motion before this court, Green contends that the circuit court clerk failed to

timely mail a copy of the April 3, 2014 order to him and that he did not receive the order until April 26, 2014. This reason for Green's failure to timely file the notice of appeal is not sufficient under the circumstances here to establish good cause to excuse the procedural default.

Arkansas Rule of Appellate Procedure–Criminal 2(a) requires that a notice of appeal must be filed within thirty days of the date that an order denying a petition for postconviction relief was entered. A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam). If a petitioner fails to file a timely notice of appeal, however, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.*

Arkansas Rule of Criminal Procedure 37.3(d) requires the circuit court to promptly mail a copy of an order disposing of a Rule 37.1 petition to the petitioner. *Lee v. State*, 2015 Ark. 26 (per curiam). The language in the rule is mandatory, and this court has recognized good cause to excuse the petitioner's failure to timely file a notice of appeal in cases where the circuit court has failed to abide by Rule 37.3(d). *Nelson v. State*, 2013 Ark. 316 (per curiam). Where the record is silent, and the respondent is unable to provide an affidavit from the clerk of the circuit court or some other proof that the order was mailed, we must assume that the petitioner was not properly notified. *Id.*

Here, Green acknowledges that he received a copy of the April 3, 2014 order on April 26, 2014. Although the circuit clerk may have been untimely in mailing a copy of the order, Green cannot establish good cause for a failure to file a notice of appeal more than thirty days after his receipt of the order. Green filed his notice of appeal of the April 3, 2014 order sixty-six

SLIP OPINION

days after his receipt of that order, so the clerk's delay in mailing the order does not excuse the failure to comply with procedural rules in this case.

In his motion, Green contends that the filing of the motion for reconsideration extended the time for filing the notice of appeal. It did not.

There is an exception to Rule 37.2(d)'s prohibition of any motion for reconsideration or rehearing, and that exception allows filing of a motion requesting modification of an order to address omitted issues. *Lovett v. State*, 2013 Ark. 8. Where a motion is filed on that basis, the time for filing the notice of appeal may be extended. *Id.* The exception is a narrow one, however, limited to those situations where the trial court is specifically asked in a timely filed motion or pleading to rule on an unresolved issue raised in the Rule 37.1 petition. *Lewis v. State*, 2012 Ark. 255, 423 S.W.3d 16 (per curiam) (holding that, in such circumstances, the time for filing a notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion, although the motion seeking a ruling on omitted issues may not be deemed denied).

Green's motion for reconsideration did not seek a ruling on omitted issues, and, instead, he alleged that the trial court had erred in its finding that the petition exceeded the page limit. The motion did not therefore extend the time for filing a notice of appeal. Green's contention that he believed that his notice of appeal was timely filed, in that the filing of the motion for reconsideration had extended the time for filing, did not establish good cause to excuse his failure to comply with the procedural rules. *See Wade v. State*, 2014 Ark. 492 (per curiam) (holding that, where a petitioner believed that the time for filing his notice of appeal had been

extended, although it was not, merely averring that his notice of appeal was timely did not establish good cause to excuse the failure to comply with procedure).  Because Green did not establish good cause to excuse the failure to file a timely notice of appeal as to the April 3, 2014 order, his petition for belated appeal is denied.

Motion for rule on clerk treated as petition for belated appeal and denied; motion for appointment of counsel moot.