SLIP OPINION

Cite as 2015 Ark. 352

# SUPREME COURT OF ARKANSAS

No. CR-15-538

| | |
|---|---|
| JOHN CLAY<br><div align="right">PETITIONER</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">RESPONDENT</div> | Opinion Delivered October 1, 2015<br><br>PRO SE MOTION FOR BELATED APPEAL<br>[PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-12-947; 60CR-12-2489; 60CR-12-2532; 60CR-12-2654]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br><u>MOTION DENIED</u>. |

**PER CURIAM**

On July 14, 2014, petitioner John Clay entered negotiated pleas in four separate cases to two counts of possession of a firearm by a felon, four counts of aggravated robbery, and five counts of theft of property. He also entered a plea directly to the court to a charge of residential burglary in one of the four cases on the same date. Clay was sentenced concurrently on all charges to an aggregate sentence of 720 months' imprisonment in the Arkansas Department of Correction. Clay later filed in the trial court a single petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that challenged the convictions in all four cases, and the trial court denied the petition. When Clay tendered the record for appeal, our clerk declined to lodge it because the notice of appeal was not timely filed. Clay then filed the instant motion for belated appeal.

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) requires that a notice of appeal must be filed within thirty days of the date that the order denying the postconviction

petition was entered. The tendered record indicates that the order denying Rule 37.1 relief was entered on January 14, 2015, in all four cases. Clay's notice of appeal must therefore have been filed no later than Friday, February 13, 2015. The notice of appeal for the four cases was filed on February 18, 2015. As our clerk determined, the notice was indeed filed late. Because Clay fails to show good cause for the procedural default, we deny the motion for belated appeal.

In his motion seeking to proceed with the appeal, Clay contends that he placed his notice of appeal in the prison mailbox on February 11, 2015; that the envelope for the notice in the record indicates that it was posted on February 12, 2015; that the prison-mailbox rule should apply; and that it was not his fault that the notice was not timely filed because he could not control the postal service or the circuit clerk's office. This court will allow a belated appeal from an order denying postconviction relief if the movant shows good cause for the failure to file a notice of appeal within the required time. *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam); *see also* Ark. R. App. P.–Crim. 2(e).

A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (per curiam). With that right goes the responsibility to file a timely notice of appeal. *Id.* Clay would have this court apply the prison-mailbox rule to excuse the delay, but, at the time that he filed his notice of appeal, this court had not adopted such a rule.[1] *See Hamel v. State*, 338 Ark. 769, 1 S.W.3d 434 (1999). At the time the clerk received the notice of appeal, an item tendered to a court was considered filed on the date that

---

[1]Recently, this court adopted a proposal to allow limited implementation of the rule, with those amendments to the procedural rules effective September 1, 2015. *See In re Arkansas Supreme Court Committee on Criminal Practice—Arkansas Rule of Appellate Procedure–Crim. 2 and Arkansas Rule of Criminal Procedure 37.2*, 2015 Ark. 296 (per curiam).

it was received by the clerk and not on the date mailed. *See id.* The envelope that Clay points to as proof of the time of posting bears a stamp that indicates the notice of appeal was filed on the date that it was received.

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Butler v. State*, 2015 Ark. 173 (per curiam). Clay's misunderstanding or ignorance of the applicable procedural rules does not excuse his failure to comply. *See id.* Because Clay does not provide any meritorious ground for the motion, he has not established good cause for his failure to file a timely notice of appeal.

Motion denied.