
SLIP OPINION

Cite as 2016 Ark. 44

# SUPREME COURT OF ARKANSAS.

**No.** CR–15–752

DARRELL NAPOLEON DENNIS

                PETITIONER

V.

STATE OF ARKANSAS

              RESPONDENT

**Opinion Delivered** February 4, 2016

PRO SE MOTIONS FOR BELATED APPEAL/RULE ON CLERK AND APPOINTMENT OF COUNSEL; FIRST AND SECOND AMENDED MOTIONS FOR BELATED APPEAL/RULE ON CLERK AND APPOINTMENT OF COUNSEL; MOTIONS FOR USE OF RECORDS AND TO SUPPLEMENT THE RECORD AND FOR APPOINTMENT OF COUNSEL
[PULASKI COUNTY CIRCUIT COURT; NOS. 60CR-09-2465; 60CR-10-1848]

HONORABLE LEON JOHNSON JUDGE

MOTIONS FOR BELATED APPEAL/RULE ON CLERK TREATED AS MOTIONS FOR BELATED APPEAL AND DENIED IN PART AND MOOT IN PART; MOTIONS FOR USE OF RECORDS AND TO SUPPLEMENT MOOT.

## PER CURIAM

Petitioner Darrell Napoleon Dennis filed a series of motions in the Pulaski County Circuit Court that related to or challenged the judgments in two criminal cases, 60CR-09-2465 and 60CR-10-1848. The two judgments reflected Dennis's convictions by plea to the court on multiple charges, including drug and, in 60CR-09-2465, firearms charges, and the imposition of concurrent aggregate sentences of 720 months' imprisonment. The circuit

SLIP OPINION

court denied the motions as concerned 60CR-10-1848 by an order entered June 23, 2014. On September 23, 2014, Dennis filed in both cases a notice of appeal that referenced the June 23, 2014 order. When the record was tendered to this court, our clerk declined to lodge it because the notice of appeal was not timely as to any order contained in the record.

On September 11, 2015, Dennis filed in this court the first of three motions for belated appeal or rule on clerk and for appointment of counsel. He asks this court to allow him to proceed with an appeal of the June 23, 2014 order. He also filed motions in which he requested use of the record on appeal so that he might make specific references to the record in order to supplement the motions for belated appeal, permission to supplement the record, and, once again, appointment of counsel.

Under Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014), Dennis was required to file a notice of appeal within thirty days of the date of the entry of the order denying postconviction relief. Because the notice of appeal was not timely filed, the motions are properly treated as motions for belated appeal under Arkansas Rule of Appellate Procedure–Criminal 2(e). *See Johnson v. State*, 2015 Ark. 195 (per curiam). We deny the motions for belated appeal as to that part concerning Dennis's request to proceed with an appeal, and the parts of the motions that concern his request for counsel are therefore moot. The motions for use of the record and to supplement the record are also moot.

Dennis filed the first postconviction motion referenced in the June 23, 2014 order on November 19, 2013. The motion sought relief under both Arkansas Rule of Criminal Procedure 26.1 (2015) and Criminal Procedure Rule 37.1. Sentencing in the two cases was on October 1, 2013, and the judgment in 60CR-10-1848 was entered on October 9, 2013.

The judgment in 60CR-09-2465 was entered on October 8, 2013. Dennis was required to act under Rule 26.1 before sentencing. *Webb v. State*, 365 Ark. 22, 223 S.W.3d 796 (2006). In contrast, the motion was timely for both 60CR-09-2465 and 60CR-10-1848, as a petition for postconviction relief under Rule 37.1 because it was filed within ninety days of entry of the judgment. Ark. R. Crim. P. 37.2 (2014). Although the order referenced three other motions that Dennis filed, this November 19, 2013 motion's disposition is the one that Dennis would appeal. [1]

In the three motions for belated appeal, Dennis contends that he had unsuccessfully sought to withdraw his plea under Rule 26.1 before his sentencing and that the circuit court failed to promptly provide him with notice of entry of the June 23, 2014 order. In his third motion for belated appeal, in support of his claim that he did not receive notice of the order until July 21, 2014, Dennis attaches a copy of an envelope from the judge in the case that was postmarked on July 17, 2014, and a statement from an Arkansas Department of

---

[1]The June 23, 2014 order referenced three other motions filed on December 10, 2014, January 23, 2014, and February 26, 2014. The January 23, 2014 motion sought to compel the circuit clerk to provide certain documents. Those issues are not discussed in the June 23, 2014 order or the motions for belated appeal. The February 26, 2014 motion appears to be a duplicate filing of the motion filed on November 19, 2013. The record on appeal does not contain a motion filed on December 10, 2014, but it does contain one filed on December 10, 2013. The December 10, 2013 motion sought reconsideration of a November 12, 2013 order disposing of previous petitions Dennis had filed in the two cases that are not in the record. The record includes an order entered January 8, 2014, that disposes of the December 10, 2013 motion, but Dennis does not seek to proceed with an appeal of the January 8, 2014 order and the June 23, 2014 order did not appear to address issues raised in the December 10, 2013 motion. The motions for belated appeal were filed in this court outside the time limitation contained in Arkansas Rule of Appellate Procedure–Criminal 2(e) (2014) as to the January 8, 2014 order. A motion for belated appeal filed more than eighteen months after the date of entry of the judgment is subject to dismissal. *Gunderman v. State*, 2014 Ark. 354.

SLIP OPINION

Correction officer confirming that "legal mail" from the circuit court dated June 18, 2014, was received by the prison and delivered to Dennis on July 21, 2014. Dennis further contends that his Rule 37.1 petition was meritorious, reasserting the arguments from his November 19, 2013 motion at length, and he attaches a copy of a transcript of a plea hearing not contained in the record to two of his motions and an affidavit averring that he accepted a plea agreement and would not have entered his plea if he had known the prosecutor would breach that agreement by recommending a sentence.[2]

A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam). If a petitioner fails to file a timely notice of appeal, however, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.* Regardless of the merits of Dennis's Rule 37.1 petition or any claim he may have raised in it, he has not demonstrated good cause for his failure to file a timely notice of appeal.

The notice of appeal was filed on September 23, 2014, ninety-two days after the June 23, 2014 order was entered. Under Arkansas Rule of Criminal Procedure 37.3(d) (2015), the circuit court must provide prompt notice to the petitioner of an order entered on a Rule 37.1 petition, and that requirement is mandatory. *Nelson v. State*, 2013 Ark. 316 (per curiam). This court has recognized good cause to excuse a petitioner's failure to timely file a notice of appeal in cases where the circuit court has failed to abide by Rule 37.3(d), and, where the record is silent and the respondent State is unable to provide an affidavit or

---

[2] As noted, the two judgments reflect that Dennis entered a plea directly to the court and not that he entered a negotiated plea.

other proof that the order was promptly mailed, this court assumes that the petitioner was not properly notified. *Green v. State*, 2015 Ark. 198 (per curiam). In those cases where the delay in notice was sufficient to prevent the petitioner from timely filing his notice of appeal, good cause has been shown.

Dennis argues that, because the circuit court failed to promptly mail the order to him, he should be excused for failing to timely file his motion for belated appeal. While the circuit court's failure to comply with Rule 37.3(d) may provide Dennis with an excuse for a portion of the delay in filing the notice of appeal, he fails to provide any reason for the additional delay exceeding any caused by the circuit court's noncompliance with Rule 37.3(d). Dennis contends that the circuit court failed to mail the order until July 17, 2014, and he received a copy of the June 23, 2014 order on July 21, 2014. The circuit court's twenty-four-day delay in mailing the order, without more, does not establish good cause for Dennis's filing his notice of appeal sixty-two days after the deadline had expired and more than thirty days after he had received a copy of the order. *See id.*

When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not doing so. *Miller v. State*, 2013 Ark. 182 (per curiam). Dennis failed to meet his burden to establish good cause for his failure to comply with our procedural rules.



Motions for belated appeal/rule on clerk treated as motions for belated appeal and denied in part and moot in part; motions for use of records and to supplement moot.