SLIP OPINION

Cite as 2016 Ark. 193

# SUPREME COURT OF ARKANSAS.

No. CR–16–203

| | |
|---|---|
| CURTIS LAMONT HORTON <br> PETITIONER <br><br> V. <br><br> STATE OF ARKANSAS <br> RESPONDENT | **Opinion Delivered** April 28, 2016 <br><br> PRO SE MOTION FOR BELATED APPEAL <br> [SALINE COUNTY CIRCUIT COURT, NO. 63CR-11-344] <br><br> HONORABLE GARY ARNOLD, JUDGE <br><br> <u>MOTION GRANTED</u>. |

## PER CURIAM

Petitioner Curtis Lamont Horton was convicted of aggravated residential burglary, theft of property, and failure to appear, and he received an aggregate sentence of 708 months' imprisonment. The Arkansas Court of Appeals affirmed. *Horton v. State*, 2014 Ark. App. 250. Horton filed a timely, verified petition in the trial court for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). The trial court denied the petition by order entered on September 17, 2014, and Horton filed a timely motion in this court in which he now seeks to appeal the order belatedly.[1] We grant the motion.

The certified partial record filed along with Horton's motion for belated appeal does not contain a notice of appeal. In the motion, Horton contends that he did not receive a

---

[1]Horton filed his pro se motion for belated appeal on March 7, 2016. He was required to file the motion within eighteen months of the September 17, 2014 order, that is, no later than March 16, 2016. Ark. R. App. P.–Crim. 2(e).

SLIP OPINION

copy of the order denying postconviction relief until well after the time had passed to file a notice of appeal.

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) required that a notice of appeal be filed within thirty days of the date that an order denying a petition for postconviction relief was entered. In this case, the notice of appeal for the September 17, 2014 order had to be filed no later than October 17, 2014. Horton asserts that he did not receive a copy of the order until it was sent to him by the presiding judge in February 2015.

Under Arkansas Rule of Appellate Procedure–Criminal 2(e), this court may act upon and decide a case in which the notice of appeal was not filed in the time prescribed when a good reason for the omission is shown. *See Bean v. State*, 2014 Ark. 440 (per curiam). Rule 37.3(d) contains a mandatory requirement that the circuit court provide prompt notice to the petitioner of an order entered on a Rule 37.1 petition. *Nelson v. State*, 2013 Ark. 316 (per curiam). This court has recognized good cause to excuse a petitioner's failure to timely file a notice of appeal in cases where the circuit court has failed to abide by Rule 37.3(d). *Green v. State*, 2015 Ark. 198 (per curiam). Where the record is silent, and the respondent is unable to provide an affidavit from the clerk of the circuit court or some other proof that the order was mailed, we must assume that the petitioner was not properly notified. *Id*. Because the respondent has submitted no proof that the order was timely mailed, we grant the motion. Our clerk is directed to lodge the appeal and set a briefing schedule.

Motion granted.