# SUPREME COURT OF ARKANSAS.
**No.** CR-16-702

| | |
|---|---|
| MARK DAVID JOHNSON<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** October 20, 2016<br><br>PRO SE MOTION FOR BELATED<br>APPEAL OF ORDER<br>[DREW COUNTY CIRCUIT COURT,<br>NO. 22CR-11-129]<br><br><br>MOTION GRANTED. |

## PER CURIAM

In 2012, petitioner Mark David Johnson entered a negotiated a plea of guilty conditioned on being sentenced by a jury. He subsequently appealed his sentence to two consecutive terms of life imprisonment for murder in the first degree, a term of thirty years' imprisonment for attempted murder in the first degree, and a term of twenty years' imprisonment for battery in the first degree. We found no error and affirmed. *Johnson v. State*, 2013 Ark. 494, 430 S.W.3d 755.

In 2014, Johnson filed a timely, verified petition in the trial court for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2012). The trial court dismissed the petition by order entered on April 27, 2016. Now before us is Johnson's pro se motion to proceed with a belated appeal of the order or for rule on clerk. Because there was no notice of appeal filed, the motion is properly treated as a motion for belated appeal under Arkansas Rule of Appellate Procedure–Criminal 2(e) (2015). *Dennis v. State*, 2016 Ark. 44, at 2, 481 S.W.3d 432, 433 (per curiam), *reh'g denied* (Mar. 10, 2016).

SLIP OPINION

Arkansas Rule of Appellate Procedure–Criminal 2(a) requires that a notice of appeal be filed within thirty days of the date that an order denying a petition for postconviction relief was entered. Johnson contends that he should be permitted to proceed with a belated appeal because he was not provided a copy of the order in time for him to submit a timely notice of appeal. Under Arkansas Rule of Appellate Procedure–Criminal 2(e), this court may act on and decide a case in which the notice of appeal was not filed in the time prescribed when a good reason for the omission is shown. *See Bean v. State*, 2014 Ark. 440 (per curiam).

Rule 37.3(d) contains a mandatory requirement that the circuit court provide prompt notice to the petitioner of an order entered on a Rule 37.1 petition. *Nelson v. State*, 2013 Ark. 316 (per curiam). This court has recognized good cause to excuse a petitioner's failure to timely file a notice of appeal in cases when the circuit court has failed to abide by Rule 37.3(d). *Green v. State*, 2015 Ark. 198 (per curiam).

In its response to Johnson's motion, the State contends that the notation at the close of the Rule 37.1 order that indicates a copy of the order was to be sent to Johnson is proof that the order was sent to Johnson. It concedes, however, that it was unable to obtain a separate record establishing that the clerk mailed the order to Johnson and that the clerk has no specific recollection about mailing the order, but it notes that the clerk informed the State by telephone that it is the clerk's practice to mail such orders.

Even though there is a notation that the order was to be sent to Johnson, the record is nevertheless silent as to whether it was actually sent, and if so, when it was sent. The respondent State has not provided an affidavit from the clerk of the circuit court or some

SLIP OPINION

other definitive proof that the order was mailed.  Accordingly, we hold that the evidence does not establish that the petitioner was properly notified, and we grant the motion and direct the clerk to lodge the appeal and set a briefing schedule for the matter.  *Horton v. State*, 2016 Ark. 193, at 1–2 (per curiam).

Motion granted.