SLIP OPINION

Cite as 2016 Ark. 403

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-765

| | |
|---|---|
| WILLIE R. PORCHIA, SR.<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 17, 2016<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[OUACHITA COUNTY CIRCUIT COURT, NO. 52CR-10-162]<br><br>HONORABLE EDWIN KEATON, JUDGE<br><br>MOTION DENIED. |

## PER CURIAM

In 2013, petitioner Willie R. Porchia, Sr., was found guilty by a jury of four counts of delivery of a controlled substance within 1,000 feet of a church. He was sentenced as a habitual offender to a 120-month term of imprisonment for each of the four offenses and 120 months' imprisonment on each of the proximity enhancements, to be served consecutively. The Arkansas Court of Appeals affirmed. *Porchia v. State*, 2014 Ark. App. 662. The court of appeals mandate issued on December 9, 2014.

On February 19, 2015, which was seventy-two days after the mandate had been issued, Porchia filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The petition was dismissed on March 20, 2015, on the ground that it had not been timely filed. On June 1, 2015, seventy-three days after the dismissal of the Rule 37.1 petition, Porchia filed a "petition for review," disagreeing with the trial court's decision that the petition was untimely. The trial court denied the petition for review on December 17, 2015, and Porchia filed a notice of appeal

on January 8, 2016. Because Porchia did not file a timely notice of appeal within thirty days of the date his Rule 37.1 petition was dismissed, he now seeks leave to proceed with a belated appeal of the March 20, 2015 order.

Under Arkansas Rule of Appellate Procedure—Criminal 2(a) (2015), Porchia was required to file a notice of appeal within thirty days of the date of the entry of the March 20, 2015 order dismissing his petition for postconviction relief. *Dennis v. State*, 2016 Ark. 44, at 2, 481 S.W.3d 432, 433 (per curiam), *reh'g denied* (Mar. 10, 2016). The filing of a petition for review seventy-three days after the order was entered did not substitute for filing a timely notice of appeal. *See Shoemate v. State*, 339 Ark. 403, 5 S.W.3d 446 (1999) (per curiam).

With respect to the order of December 15, 2015, the notice of appeal filed January 8, 2016, was timely as to it, but under Rule 37.2, the decision of the trial court is final when rendered, and no petition for rehearing shall be considered. Ark. R. Crim. P. 37.2(d); *Green v. State*, 2015 Ark. 198, at 2 (per curiam). There is an exception to Rule 37.2(d)'s prohibition of any motion for reconsideration or rehearing, and that exception allows filing of a motion requesting modification of an order to address omitted issues. *Lovett v. State*, 2013 Ark. 8 (per curiam). There can be no question that the exception did not apply to Porchia's petition for review filed June 1, 2015, because it was filed far outside the time to file a timely notice of appeal, and he was also challenging the correctness of the court's ruling, not asking for a ruling on an issue that had been omitted from the order.

Porchia contends that he had good cause for filing a timely notice of appeal because, under *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. ___, 133 S.Ct.

1911 (2013), an attorney should have been appointed to represent him in the Rule 37.1 proceeding. He further argues that he did not have the advantage of the "prison mail-box rule" that this court adopted nine months after he had filed his untimely petition.

Neither claim is cause to grant a belated appeal of the Rule 37.1 order. Neither *Martinez* nor *Trevino* requires appointment of counsel in every postconviction proceeding. This court has addressed the application of *Martinez* and *Trevino* and rejected the argument that a petitioner under the Rule is entitled to appointment of counsel. *E.g., Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835; *see also Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259.

As for this court's adoption of a form of the federal courts' "prison mail-box rule," Porchia has not established that he was entitled to avail himself of the provisions of the rule with respect to the untimely filing of his notice of appeal.[1] The crux of an action seeking to proceed with a belated appeal is the filing of the notice of appeal, and Porchia does not contend that he did not promptly receive a copy of the order that denied his Rule 37.1 petition from the circuit clerk and was thus prevented from filing a timely notice. A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam). If a petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.* Regardless of the merits of the Rule 37.1 petition or any claim Porchia may have had with respect to the timeliness of the petition,

---

[1] This court adopted limited implementation of that rule through amendments effective September 1, 2015. *In re Ark. Sup. Ct. Comm. on Criminal Practice—Ark. R. App. P.–Crim. 2 & Ark. R. Crim. P. 37.2*, 2015 Ark. 296 (per curiam). *See Moody v. State*, 2015 Ark. 337, at 2 (per curiam).

he has not demonstrated good cause for his failure to file a timely notice of appeal. *See Dennis*, 2016 Ark. 44, 481 S.W.3d 432. The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not doing so. *Miller v. State*, 2013 Ark. 182 (per curiam).

Motion denied.