2012 Ark. 255

**David E. LEWIS, Petitioner**

v.

**STATE of Arkansas, Respondent.**

**No. CR 12–342.**

Supreme Court of Arkansas.

May 31, 2012.

David E. Lewis, Pro Se appellant.

No response from appellee.

PER CURIAM.

Petitioner, David E. Lewis, filed in the trial court a timely pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2011) that challenged a judgment reflecting petitioner's conviction on charges of possession of marijuana with intent to deliver and possession of cocaine with intent to deliver. On October 13, 2011, the trial court entered an order that disposed of all but one issue from the petition, which pertained to the modification of the sentence to reflect an appropriate jail-time credit.

On October 28, 2011, petitioner filed a response to the order that provided requested information on the omitted issue and prayed for an order providing a ruling on that issue.[1] On November 8, 2011, petitioner filed a notice of appeal as to the October 13, 2011 order, which referenced the order to be entered with the court's ruling on the outstanding issue. The trial court entered a supplemental order that provided a ruling on the jail-time credit issue on November 22, 2011.

Our clerk rejected the record when it was tendered on February 8, 2012, because it was not tendered within ninety days from the marked filing date of petitioner's notice of appeal. Petitioner then filed this motion for rule on clerk. Because we determine that petitioner's tender of the record was timely, we grant the motion to permit the appeal to proceed.

In his motion, petitioner admits that he did not tender the record within ninety days from the date that he filed his notice of appeal of the October 13, 2011 order. He admits that the timely tender is his responsibility and avers that he had been waiting for an order on his motion to proceed as a pauper. He presents those facts as possible cause to excuse the failure to comply with procedure, but he alternatively argues that the judgment was not final until November 22, 2011, when the supple-

---

**1.** The trial court had acknowledged the jail-time credit issue in its order, but had indicated that it would not provide a ruling without additional information from the parties.

mental order was filed. He contends that the ninety-day period in which to file the record did not begin to run until after that date.

Arkansas Rule of Appellate Procedure–Criminal 4 (2011) requires that the record on appeal shall be filed with the clerk of the appellate court within ninety days from the filing of the notice of appeal, unless the time to lodge the record is extended by the circuit court in accordance with the rule. Ark. R.App. P.-Crim. 4(b). The record here does not contain a motion for extension of time to lodge the record or an order granting an extension of time. If the transcript of the trial record was not filed in the time prescribed, then a defendant in a criminal case may file a motion for rule on clerk under Arkansas Rule of Appellate Procedure–Criminal 2(e). *Hogue v. State*, 2012 Ark. 171, 2012 WL 1353144 (per curiam).

■ A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Id.* (citing *Brewer v. State*, 2010 Ark. 59, 2010 WL 395979 (per curiam)). Along with that right, however, goes the responsibility to comply with our rules of procedure. *Id.* Where the transcript was not timely filed, this court may only act upon and decide those cases where the movant shows good cause for the omission. *Id.* We need not determine whether petitioner has established good cause in this case, however, because we hold that the record was timely tendered.

■ Petitioner filed his notice of appeal after he had filed a request for a ruling on an omitted issue and within the thirty-day period of time under Arkansas Rule of Appellate Procedure–Criminal

2(a)(4) in which to file a notice of appeal as to the initial order. When a trial court fails to rule on an issue raised in a Rule 37.1 petition, an appellant may request the court to modify its order to include any omitted issue, notwithstanding the prohibition against motions for reconsideration in Arkansas Rule of Criminal Procedure 37.2(d) (2009). *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam). The request must be made while the trial court retains jurisdiction, and not after a notice of appeal has been filed and the transcript lodged. *See id.* In this case, appellant had made a timely request for a ruling on an omitted issue.

We hold that, for situations where an appellant has filed a valid, timely request for a ruling on an omitted issue in a Rule 37.1 proceeding, the time for filing a notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion.[2] *See* Ark. R.App. P.-Crim. 2(b). We limit this holding to those situations where the trial court is specifically asked in a timely filed motion or pleading to rule on an unresolved issue raised in a Rule 37.1 petition. In doing so, we recognize a very narrow exception to the rule of finality of the judgment in an order denying Rule 37.1 relief that is necessary because the failure to obtain a ruling on an issue precludes this court from review on appeal. *See Robbins v. State*, 2010 Ark. 312, 2010 WL 2539775 (per curiam) (a motion to reopen the hearing on a Rule 37.5 petition to consider newly discovered materials did not present a request to the trial court to rule on an unresolved issue and did not present a situation where the time for filing the notice of appeal should be ex-

---

**2.** We note that while Rule 2(b) takes into account the possibility that a posttrial motion may be deemed denied, a motion that requests a ruling on an omitted issue in a Rule

37.1 proceeding may not be deemed denied. *See Rackley v. State*, 2010 Ark. 469, 2010 WL 4922390 (per curiam). This holding does not in any way change our holding on that issue.

tended).[3] The filing of the request here did extend the period of time for filing appellant's notice of appeal.

■ Although petitioner in this case has not appealed the supplemental order, we will extend the time for notice of appeal in order to promote judicial economy and to permit an appellant to appeal both an original order on a Rule 37.1 petition and an order disposing of a request for a ruling on omitted issues in a single appeal. In order for an appellant to file a single appeal in the circumstances described, the notice of appeal may be filed within thirty days of the date that the order on the request for a ruling on omitted issues was entered. In circumstances such as this, where the request for a ruling on the omitted issue was still pending when the appellant filed his notice of appeal, the notice of appeal is deemed filed on the day after the order disposing of the request for a ruling was entered. An appellant who files his notice of appeal prior to the entry of the order on the request for a ruling on an omitted issue may then amend the notice of appeal to include an appeal of the order disposing of the request, provided that the amendment to the notice of appeal is made within the period of time permitted for filing the notice of appeal.

Petitioner's notice of appeal was deemed filed on November 23, 2011. The tender of the record on February 8, 2012, seventy-seven days after that date, was therefore timely. Accordingly, we direct our clerk to file the tendered record and permit the appeal to proceed.

Motion granted.

---

3. In *Robbins*, this court noted that any post-trial motion made after a Rule 37 decision is ineffective and does not extend the time for filing the notice of appeal. *Robbins*, 2010 Ark. 312, at 2, 2010 WL 2539775 (quoting *McJames v. State*, 2010 Ark. 74, at 4, 2010 WL 569752). The *Robbins* decision nevertheless acknowledged that a defendant can request a court to modify its order to include an issue that was raised in a Rule 37.1 petition but not addressed in the order, and specifically left open the question addressed here. *McJames* held that a motion for reconsideration filed under Arkansas Rule of Criminal Procedure 33.3 did not extend the time for filing a notice of appeal in an error-coram-nobis proceeding, and it did not address a motion to request a ruling on an omitted issue in a Rule 37.1 proceeding.