SLIP OPINION

Cite as 2015 Ark. 234

# SUPREME COURT OF ARKANSAS

No. CR-15-274

| | | |
|---|---|---|
| JONATHAN BERKS | | **Opinion Delivered** May 21, 2015 |
| | PETITIONER | |
| V. | | PRO SE MOTION FOR BELATED APPEAL [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-10-248] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | <u>MOTION GRANTED</u>. |

**PER CURIAM**

Petitioner Jonathan Berks filed a motion in this court in which he requests permission to proceed with a belated appeal of the dismissal of his timely petition under Arkansas Rule of Criminal Procedure 37.1 (2014). Because Berks was not provided timely notice of an order that disposed of a motion for a ruling on omitted issues, the motion is granted.

Berks's verified Rule 37.1 petition challenged a judgment reflecting his conviction on charges of second-degree murder and aggravated residential burglary and his sentences of 360 months' imprisonment on each charge, for an aggregate sentence of 720 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Berks v. State*, 2013 Ark. App. 203.

Berks filed a motion for leave to amend the Rule 37.1 petition, along with an amended petition, before the trial court acted on the original petition. The court granted the motion to amend on June 27, 2013. It dismissed the Rule 37.1 petition by order entered December 27,

2013. On January 23, 2014, Berks filed a motion requesting modification of the order in which he contended that the trial court had overlooked issues presented in the amended petition. The trial court denied the motion on February 7, 2014.

In his motion for belated appeal, Berks contends that his motion requesting modification of the order extended the time to file the notice of the appeal from the order dismissing the Rule 37.1 petition. He also contends that he did not receive a copy of the order denying the motion until the extended time for filing a notice of appeal had expired. He asserts that he did not receive a copy of the order until March 15, 2014, and that Arkansas Rule of Criminal Procedure 37.3(d) required the court to promptly mail a copy of the order denying the motion to him.

Arkansas Rule of Appellate Procedure–Criminal 2(a) requires that a notice of appeal must be filed within thirty days of the date that an order denying a petition for postconviction relief was entered. A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam). If a petitioner fails to file a timely notice of appeal, however, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.*

Arkansas Rule of Criminal Procedure 37.2(d) generally prohibits motions for reconsideration or rehearing, but this court has recognized a narrow exception to that rule permitting an appellant to file a valid, timely motion requesting the circuit court to modify its order to include a ruling on an omitted or unresolved issue that was raised in the Rule 37.1 petition. *Lovett v. State*, 2013 Ark. 8. Where an appellant has made such a valid and timely request for a ruling on an omitted issue, the time for filing the notice of appeal is extended in

SLIP OPINION

a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion. *Id.* This exception is narrowly construed and is limited to only those situations where the trial court is specifically asked to rule on an unresolved issue. *Id.*

If an appellant seeks to obtain a ruling on issues omitted from an initial order on a Rule 37.1 petition, he is required to file a motion in the trial court within the thirty-day period of time in which to file a notice of appeal under Rule 2(a)(4). *Plessy v. State*, 2014 Ark. 164 (per curiam). Berks filed his motion within that time frame, and the motion did request a ruling on issues that he believed had been omitted. So, the deadline for filing a notice of appeal from the denial of the Rule 37.1 petition expired thirty days after February 7, 2014, the date of the order denying the motion for a ruling on omitted issues. Berks was required to have filed the notice of appeal no later than the following business day, Monday, March 10, 2014, because the deadline fell on a Sunday.

Arkansas Rule of Criminal Procedure 37.3(d) requires the circuit court to promptly mail a copy of an order disposing of a Rule 37.1 petition to the petitioner. *Lee v. State*, 2015 Ark. 26 (per curiam). The language in the rule is mandatory, and this court has recognized good cause to excuse the petitioner's failure to timely file a notice of appeal in cases where the circuit court has failed to abide by Rule 37.3(d). *Nelson v. State*, 2013 Ark. 316 (per curiam). Where the record is silent, and the respondent is unable to provide an affidavit from the clerk of the circuit court or some other proof that the order was mailed, this court must assume that the petitioner was not properly notified. *Id.*

While the trial court may have complied with Rule 37.3(d) in notifying Berks of the denial

SLIP OPINION

of Rule 37.1 relief, the situation here is analogous. The requirement that a petitioner be timely notified of the disposition of a Rule 37.1 petition is necessary so that the petitioner may file a timely notice of appeal. In this case, the filing of the motion for a ruling on omitted issues extended the deadline for filing a notice of appeal, and, without timely notice that the court had disposed of that motion, Berks was not in a position to perfect an appeal of the Rule 37.1 petition. Berks contends that he did not receive notice of the order denying the motion until March 15, 2014. By that date, the period of time for filing a notice of appeal had expired. The State filed no response to Berks's motion for belated appeal, and we must assume that Berks did not receive timely notice of the disposition of the motion.

Because Berks has stated good cause for the procedural default, we grant the request to permit the appeal to go forward. Accordingly, our clerk is directed to lodge the record and set a briefing schedule for the appeal.

Motion granted.