SLIP OPINION

Cite as 2015 Ark. 399

# SUPREME COURT OF ARKANSAS

No. CR-15-688

| | | |
|---|---|---|
| | | **Opinion Delivered** October 29, 2015 |
| DANIEL RISHER | PETITIONER | PRO SE PETITION FOR WRIT OF MANDAMUS OR CERTIORARI, MOTION FOR APPOINTMENT OF COUNSEL, AND REQUEST FOR ORAL ARGUMENT [COLUMBIA COUNTY CIRCUIT COURT, NO. 14CR-91-93] |
| V. | | |
| HON. HAMILTON H. SINGLETON, CIRCUIT JUDGE | RESPONDENT | |
| | | PETITION FOR WRIT OF MANDAMUS DISMISSED; MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EVIDENTIARY HEARING IN TRIAL COURT AND REQUEST FOR ORAL ARGUMENT DENIED. |

**PER CURIAM**

On August 25, 2015, petitioner Daniel Risher filed the pro se petition for writ of mandamus or certiorari that is now before us. He subsequently filed a motion for appointment of counsel, a motion for an evidentiary hearing in the trial court, and a request for oral argument.

In the petition, Risher contends that Circuit Judge Hamilton H. Singleton erred in an order entered on April 23, 2015, that denied Risher's pro se petitions for postconviction relief and also erred in an order entered May 28, 2015, that denied his motion to modify or vacate the April 23, 2015 order. He argues that his petitions for postconviction relief and his motion to modify or vacate the order had merit and that the "appropriate relief" should have been granted

by Judge Singleton. Risher asks that this court issue a writ of mandamus or certiorari directing that a hearing be held on the pleadings, that counsel be appointed by Judge Singleton, that Risher be granted leave to proceed as an indigent, that proper findings of fact and conclusions of law be made by Judge Singleton on the pleadings, and that a "ruling" be made on the motion to modify or vacate the order.

The petition for writ of mandamus is dismissed because the respondent circuit judge has acted on the pleadings filed by Risher. We have held that the primary function of the writ of mandamus is to require an inferior court or tribunal to act when it has improperly failed or declined to do so. *Friar v. Erwin*, 2014 Ark. 487, at 3, 450 S.W.3d 666, 668. It is never applied to control the discretion of a trial court or tribunal or to correct an erroneous exercise of discretion. *Id.*

The record reflects that Risher filed a notice of appeal on June 18, 2015, which was timely as to the May 28, 2015 order. He states in his mandamus petition that the notice of appeal was also timely as to the original order because his motion asked for rulings on omitted issues.[1] Accordingly, Risher could have perfected an appeal to this court from the orders in keeping with the prevailing rules of procedure. A request for extraordinary relief, such as mandamus, is not a substitute for an appeal. *Bowers v. Laser*, 2010 Ark. 348, at 2 (per curiam).

---

[1]When an appellant has made a valid and timely request for a ruling on an omitted issue, the time for filing the notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion. *Berks v. State*, 2015 Ark. 234, at 2–3, 463 S.W.3d 289, 291 (per curiam). This exception is narrowly construed and is limited to only those situations in which the trial court is specifically asked to rule on an unresolved issue. *Id.*

This court has declined to issue a writ of mandamus where the petitioner had the adequate remedy of raising an issue by appeal. *Johnson v. Hargrove*, 362 Ark. 649, 210 S.W.3d 79 (2005) (citing *Hanley v. Ark. Claims Comm'n,* 333 Ark. 159, 164, 970 S.W.2d 198, 200 (1998)).

With respect to Risher's request that certiorari be granted, a writ of certiorari will not lie to correct a perceived error in a court's ruling when the ruling is a matter within the court's jurisdiction and discretion. *See Baptist Health v. Circuit Court of Pulaski C'ty*, 373 Ark. 455, 284 S.W.3d 499 (2008). There are two requirements that must be satisfied before we will grant a writ of certiorari, the first of which is that there can be no other remedy but the writ of certiorari, and the second of which is a writ lies when it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Thompson v. McCain*, 2013 Ark. 261, at 6–7, 428 S.W.3d 502, 506. It is axiomatic that where an appeal is available, another adequate remedy exists. *Id.*

Risher's motions for appointment of counsel and request for oral argument are denied. As the mandamus action is dismissed and there is no ground for a writ of certiorari, there is no basis for this court to appoint an attorney for the instant proceeding and no need for oral argument.

The motion for an evidentiary hearing in which Risher asks that this court direct the trial court to hold a hearing on certain issues in his case is also denied. The trial court has denied the pleadings that are the subject of this mandamus action and no appeal has been lodged as of the date of this opinion. This court does not have jurisdiction to direct the trial court to hold an

SLIP OPINION

evidentiary hearing on issues raised in the pleadings; and, moreover, the request is outside the scope of a mandamus proceeding.

Petition for writ of mandamus dismissed; motions for appointment of counsel and for evidentiary hearing and request for oral argument denied.