SLIP OPINION

Cite as 2016 Ark. 194

# SUPREME COURT OF ARKANSAS.
No. CR–16–231

| | | |
|---|---|---|
| WILLIE JAMES SMITH | | **Opinion Delivered** April 28, 2016 |
| | PETITIONER | |
| V. | | PRO SE MOTION FOR RULE ON CLERK |
| | | [ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-14-08] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | HONORABLE SAM POPE, JUDGE |
| | | MOTION DENIED. |

**PER CURIAM**

Petitioner Willie James Smith filed in the trial court a timely verified pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2015) in which he sought to challenge a judgment reflecting his entry of a guilty plea to a charge of possession of firearms by certain persons. After a hearing on the petition, the trial court denied it, and Smith filed a timely notice of appeal. When the record on appeal was tendered to this court, our clerk declined to lodge it because it was not received within the required time. Smith now brings this motion for rule on clerk, and he seeks permission to proceed with the appeal. We deny the motion.

Smith filed his notice of appeal on March 13, 2015. Under Arkansas Rule of Appellate Procedure–Criminal 4 (2015), the record had to be filed no later than Thursday, June 11, 2015, unless an extension of time had been granted in accord with Rule 4(c). Ark. R. App. P.–Crim. 4(b) (requiring that, without an extension, the record must be filed with the clerk of the appellate court and docketed within ninety days from the filing of the notice

of appeal). The appeal record was tendered on July 22, 2015, which was 131 days after the notice of appeal had been filed.

If the transcript of the trial record is not filed in the time prescribed, then a defendant in a criminal case may file a motion for rule on clerk under Arkansas Rule of Appellate Procedure–Criminal 2(e). *Lewis v. State*, 2012 Ark. 255, 423 S.W.3d 16 (per curiam). This court may act on and decide only those cases where the movant shows good cause for the failure to comply with our rules of procedure. *Id.*

Smith does not contend that the record was tendered within ninety days of the date he filed his notice of appeal. He does assert that he filed a motion for an extension of time in the trial court within the ninety-day period, and he alleges that the trial court denied that motion before the ninety-day period expired. The remainder of Smith's argument is not clear, but he appears to allege the trial court later granted a motion for rule on clerk and should not have denied his motion for an extension of time, and he attached a certified copy of the trial court's docket in support of his claim.

Despite his claim to the contrary, Smith did not demonstrate that he filed a motion for extension of time within the requisite period of time. As noted, he was required to lodge the record by June 11, 2015. The docket he provides indicates that a motion for an extension of time was filed on July 13, 2015, and none was filed previous to that date. Even if Smith could demonstrate that the trial court should have acted on and granted a timely motion to extend the period of time for lodging the record under our rules, Smith's motion was not filed within the time required to give the trial court the authority to grant his motion. *See Hogue v. State*, 2012 Ark. 171 (per curiam). Smith has failed to demonstrate

good cause for the failure to comply with our rules of procedure. Accordingly, the motion for rule on clerk is denied.

Motion denied.