SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-15-385

| | |
|---|---|
| REGINALD EARLY<br>PETITIONER<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>RESPONDENT | Opinion Delivered July 23, 2015<br><br>PRO SE MOTION FOR BELATED<br>APPEAL<br>[LEE COUNTY CIRCUIT COURT, NO.<br>39CV-14-75]<br><br>HONORABLE RICHARD L.<br>PROCTOR, JUDGE<br><br><u>MOTION TREATED AS MOTION FOR<br>RULE ON CLERK AND DENIED</u>. |

### PER CURIAM

Petitioner Reginald Early filed in this court a motion for belated appeal of an order that denied a petition for writ of habeas corpus filed in the Lee County Circuit Court. As the notice of appeal was timely filed, we treat the motion as a motion for rule on clerk to lodge the appeal rather than a motion for belated appeal. *Holland v. State*, 358 Ark. 366, 367, 190 S.W.3d 904, 905 (2004).

As Early indicates in the motion, the record was first tendered to this court on December 30, 2014. Our clerk declined to lodge it because it did not contain Early's petition for writ of habeas corpus. Our rules of procedure require that the record be tendered to this court within ninety days of the date of the notice of appeal. Ark. R. App. P.–Civ. 5 (2014). In this case, the notice of appeal was filed on October 6, 2014, and Early did not tender a record containing the habeas petition to this court until he filed the instant motion on May 1, 2015.

When a petitioner fails to perfect an appeal in accordance with the prevailing rules of

procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *See, e.g.*, *Butcher v. State*, 345 Ark. 222, 45 S.W.3d 378 (2001) (per curiam) (acknowledging that a petitioner is not permitted to proceed with a belated appeal in a criminal matter, unless he demonstrates some good cause for his failure to perfect an appeal) (citing *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987). Early alleges in his motion that the circuit clerk provided him with an insufficient record, and any procedural default should be excused.

We need not consider Early's asserted grounds for good cause. It is clear from the record that he could not prevail on appeal if he were allowed to proceed. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Seaton v. State*, 324 Ark. 236, 237, 920 S.W.2d 13, 14 (1996) (per curiam) (citing *Chambers v. State*, 304 Ark. 663, 803 S.W.2d 932 (1991) (per curaim); *Johnson v. State*, 303 Ark. 560, 798 S.W.2d 108 (1990) (per curiam); *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987) (per curiam)). Here, Early did not allege grounds in his petition on which the writ could be granted.

In his petition for writ of habeas corpus, Early alleged that the judgment was invalid on its face because his trial counsel was ineffective for failing to make an appropriate motion for directed verdict. Early also alleged that the judgment was invalid because the evidence against him was insufficient in that his accomplice's testimony was not corroborated. A writ of habeas corpus will issue when a judgment of conviction is invalid on its face or when the trial court lacks jurisdiction over the cause. *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533. Although Early

SLIP OPINION

alleged that the judgment was invalid on its face, the supporting bases Early asserted for that allegation, ineffective assistance of counsel and a lack of sufficient evidence, are not cognizable claims in proceedings for the writ.

Early contended in the petition for the writ that the particular claim of ineffective assistance that he would raise was one that would not, at the time, have entitled him to relief in proceedings under Arkansas Rule of Criminal Procedure 37.1. Ineffective assistance of counsel claims are not cognizable by habeas corpus—regardless of whether those claims would have been successful if raised in a timely Rule 37 proceeding. *See, e.g.*, *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992) (holding that ineffective assistance of counsel claims are not cognizable in habeas corpus proceedings). Questions that require factual inquiry that goes well beyond the facial validity of the commitment are not the sort cognizable in habeas proceedings. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or other postconviction relief. *Noble v. Norris*, 368 Ark. 69, 243 SW.3d 260 (2006).

We affirm a denial of habeas relief where an appellant did not establish any cause to grant the writ. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). The circuit court could not properly grant the writ on either of the grounds Early alleged. It is clear that Early cannot prevail on appeal, and we deny his motion to proceed with an appeal.

Motion treated as motion for rule on clerk and denied.

WYNNE, J., not participating