SLIP OPINION

Cite as 2015 Ark. 379

# SUPREME COURT OF ARKANSAS

No. CV-15-186

| | | |
|---|---|---|
| | | **Opinion Delivered** October 22, 2015 |
| VINCENT SANSEVERO | | PRO SE APPEAL FROM THE |
| | APPELLANT | JEFFERSON COUNTY CIRCUIT COURT |
| | | [NO. 35CV-14-558] |
| V. | | |
| | | HONORABLE JODI RAINES DENNIS, JUDGE |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | |
| | APPELLEE | AFFIRMED. |

**PER CURIAM**

In 2000, appellant Vincent Sansevero was found guilty by a jury in the Pulaski County Circuit Court of rape, third-degree battery, first-degree terroristic threatening, and residential burglary. He was sentenced to life, 12 months', 180 months', and 480 months' imprisonment, respectively, in the Arkansas Department of Correction, to be served concurrently. In 2014, Sansevero filed a pro se petition for writ of habeas corpus in the trial court, alleging that he was illegally sentenced to a term of life imprisonment with parole and that the trial court lacked the authority to impose such a term of imprisonment. The trial court dismissed the petition, and Sansevero brings this appeal.

A trial court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

SLIP OPINION

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

Sansevero first argues on appeal that he was entitled to a hearing on his habeas-corpus petition, and, without it, his due-process rights were violated because he was not given the "opportunity to more fully develop the record for purposes of appeal." While our statutory habeas-corpus scheme contemplates a hearing if the writ is issued, there is no requirement that a hearing be given to a petitioner regardless of the content of the petition. *Tolefree v. State*, 2014 Ark. 26 (per curiam); *Strong v. Hobbs*, 2013 Ark. 376 (per curiam); *see also Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991) (quoting *George v. State*, 285 Ark. 84, 685 S.W.2d 141 (1985)). A hearing is not required on a habeas petition, even where the petition alleges an otherwise cognizable ground, when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Brown v. Hobbs*, 2014 Ark. 267. Because Sansevero failed to demonstrate probable cause for the issuance of the writ, the trial court was not required to hold a hearing.

For his second point on appeal, Sansevero argues, as he did below, that he was sentenced

to an invalid sentence of life imprisonment with the possibility of parole. Citing *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2011), and *Jackson v. State*, 2011 Ark. 49, 378 S.W.3d 103, *cert. granted*, ___ U.S. ___, 132 S. Ct. 548 (2011), *rev'd and remanded sub nom. Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), Sansevero claimed that his punishment of life imprisonment was disproportionate to the nature of his offense and that "[h]ad the jury known that no parole exist[ed] for life with parole . . . that they [sic] would have chosen a term of years rather than the life sentence they [sic] elected to impose."[1] Although the majority in *Miller* held that the Eighth Amendment to the United States Constitution prohibited a sentencing scheme that mandated life imprisonment without the possibility of parole for juvenile offenders in homicide cases, Sansevero makes no claim, nor does the record reflect, that he was a juvenile at the time of crimes. *Id.*

It appears that Sansevero merely plucked out the pertinent language from *Jackson* and *Miller* regarding the illegality of life imprisonment without the possibility of parole irrespective of its applicability exclusively to juvenile offenders convicted of nonhomicide felonies. Sansevero argued that the public believes a distinction exists between the sentences of "[l]ife without parole and [l]ife[]" and that this perception renders his sentence void because it is a disproportionate term of imprisonment when compared to the nature of his conviction. Sansevero was found guilty of rape, a Class Y felony, in violation of Arkansas Code Annotated

---

[1] Sansevero did not cite to the *Jackson* or *Miller* cases below. However, in his habeas-corpus petition, he did cite to *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283, and *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533, both of which reference *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller*, the cases upon which the progeny such as *Jackson* evolved.

section 5-14-103 (Repl. 1993). At the time he committed the offense, the penalty for a Class Y felony under Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 1997) was a sentence of ten to forty years or life. Sansevero's life sentence was within the range set by the statute.

Sentencing in Arkansas is entirely a matter of statute. *Hale v. Hobbs*, 2014 Ark. 405, at 3–4, 443 S.W.3d 533, 535. No sentence shall be imposed other than as prescribed by statute. *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Atkins*, 2014 Ark. 393, 441 S.W.3d 19. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam). Accordingly, Sansevero's judgment-and-commitment order was not invalid on its face.

Moreover, Arkansas Code Annotated section 16-93-613(2)(A) (Repl. 2011) states that an "inmate sentenced to life imprisonment is not eligible for release on parole unless the sentence is commuted to a term of years by executive clemency." Contrary to Sansevero's contentions otherwise, a sentence of life imprisonment is a sentence of life imprisonment without the possibility of parole unless the sentence is otherwise commuted to a term of years. Sansevero has failed to demonstrate that his sentence was illegal and that he was entitled to relief under the statute. When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. State*, 2013 Ark. 385 (per curiam). Sansevero clearly did not meet his burden; therefore, the trial court did not err in dismissing his petition.

Affirmed.
*Vincent Sansevero*, pro se appellant.
*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.