SLIP OPINION

Cite as 2015 Ark. 486

# SUPREME COURT OF ARKANSAS.

No. CV–15–249

| | | |
|---|---|---|
| BILLY JOE KELLEY | | **Opinion Delivered** December 17, 2015 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV–14–102] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

Appellant Billy Joe Kelley is an inmate incarcerated in a unit of the Arkansas Department of Correction situated in Lee County.[1] Kelley filed a petition for writ of habeas corpus in the Lee County Circuit Court, and the court denied relief. Kelley appeals, and we affirm the order denying the habeas petition.

In his habeas petition, Kelley challenged a 2008 judgment in the Pulaski County Circuit Court reflecting his conviction on a rape charge. The judgment imposed a life sentence. Kelley contended that the sentence imposed was illegal in that he was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(c) (Repl. 2006) without notice of the habitual-offender charge. The order denying the petition indicated that it was Kelley's burden to establish a lack of jurisdiction by the trial court or that the commitment was invalid

---

[1]Kelley, as of the date of this opinion, remains incarcerated in Lee County.



on its face, that conclusory allegations are not sufficient to establish grounds for the writ, and that the petition lacked sufficient merit to justify the relief sought.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Kelley asserts on appeal that the circuit court incorrectly concluded that he had made conclusory statements, he reasserts his arguments that his right to due process was violated when he was not given notice of the habitual-offender charge, and he avers that he provided a sufficient basis to establish probable cause to demonstrate that he was illegally detained. We affirm the decision to deny relief because the circuit court correctly determined that Kelley failed to provide a meritorious ground for relief.

SLIP OPINION

Kelley did not invoke Act 1780, and, as noted, he must have demonstrated in the petition that the trial court lacked jurisdiction or that the commitment was invalid on its face in order to establish grounds for the writ. Because Kelley failed to allege that his sentence would have fallen outside the sentence range for rape without the sentence enhancement for a habitual offender, his claim that he was charged and sentenced as a habitual offender without proper notice is not a cognizable claim for habeas relief. *See Christopher v. Hobbs*, 2011 Ark. 399 (per curiam). Rape is a Class Y felony, and, under Arkansas Code Annotated section 5-4-401(a), it is punishable by a life sentence. *See* Ark. Code Ann. § 5-14-103(c)(1).

Kelley's argument was that this sentence was illegal in that he did not receive adequate notice of the habitual-offender charge because the provision of Arkansas Code Annotated section 5-4-501 noted on the judgment as the basis for the charge was not one of the two subsections of the statute that had been alleged in the information. A felony information containing general language referring to the habitual-offender statute, however, is sufficient to put the defendant on notice that his prior convictions may be introduced in assessing an enhanced sentence. *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203.

Despite Kelley's characterization of his claim as one concerning an illegal sentence, the basis for the claim, that the information did not provide sufficient information to identify the crime, only raised trial error of the type that is not cognizable in a habeas proceeding. *See Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam). Where a court has jurisdiction over the appellant's person and the criminal matter, the court is not divested of jurisdiction by a trial error that may be appealed, and the error does not provide a basis for issuance of the writ. *Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990).

Kelley stated no facts adequate to support his claim that he did not receive adequate notice. His allegations of due-process violations are not cognizable issues in a proceeding for the writ. His claim of an illegal sentence fails because his sentence was within the permitted range for the charge. Kelley demonstrated no error in the circuit court's holding that he did not provide meritorious grounds for the writ in his petition. We accordingly affirm the denial of relief.

Affirmed.

*Billy Joe Kelley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.