

# SUPREME COURT OF ARKANSAS.
### No. CV–15–896

| | |
|---|---|
| RODNEY BUNCH<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** February 11, 2016<br><br>PRO SE MOTIONS TO SUPPLEMENT RECORD AND FOR EXTENSION OF TIME<br>[LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-15-26]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>MOTION TO SUPPLEMENT RECORD DENIED; APPEAL DISMISSED; MOTION FOR EXTENSION OF TIME MOOT</u>. |

**PER CURIAM**

Appellant Rodney Bunch, an inmate imprisoned in the Arkansas Department of Correction in a facility located in Lincoln County, filed a pro se petition for writ of habeas corpus in the circuit court of that county.[1]  In his petition, Bunch challenged three judgments reflecting convictions for multiple counts of aggravated robbery and theft of property, one count of sexual assault, and, in two of the judgments, his status as a habitual offender for sentencing.  The circuit court dismissed the petition, and Bunch lodged this appeal.  He filed motions to supplement the record on appeal and for an extension of time in which to file his brief.  We deny the motion to supplement and dismiss the appeal.  The motion for an extension of time is therefore moot.

---

[1]Bunch remains incarcerated in Lincoln County as of the date of this opinion.

SLIP OPINION

In his motion to supplement the record, Bunch contends that the record contains no table of contents, is improperly paginated, and does not include a file-marked certification. Although Bunch contends that the certificate must be file-marked under state law, he does not cite a statute or other authority in support of this contention. Bunch states no valid reason why the certification for a record lodged in this court must be filed in circuit court in order for the certification by the circuit clerk to be accepted in this court. This court does not address arguments that are presented without citation to authority or convincing argument in support and when it is not apparent without further research that the argument is well taken. *Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004). The record does not contain a table of contents as required by Arkansas Supreme Court Rule 3-1 (2015) nor does it fully comply with the pagination requirements of the rule. Nevertheless, the record is sufficient for this court to determine that Bunch cannot prevail on appeal, and there is therefore no need to supplement it.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Early v. Hobbs*, 2015 Ark 313, 467 S.W.3d 150 (per curiam). This court will dismiss the appeal if it is clear from the record that the appellant did not allege a basis on which the circuit court could properly grant a writ of habeas corpus, and the appellant therefore could not prevail on appeal. *Robinson v. Felts*, 2015 Ark. 174 (per curiam).

The convictions Bunch would challenge stemmed from three trials in two cases in the Pulaski County Circuit Court, and he alleges that these convictions resulted from a

SLIP OPINION

single arrest and arose out of the same criminal episode. In the first case, 60CR–98–3654, Bunch was charged with the aggravated robbery of, and theft of property from, Stephanie Springer Transue. Bunch was brought to trial in 1999, which resulted in a mistrial. Before the case was retried in 2000, Bunch was convicted on two counts of aggravated robbery and misdemeanor theft of property in a separate case, 60CR–99–276. After the prosecutor amended the felony information in 60CR–98–3654 to charge Bunch as a habitual offender, Bunch was convicted, and he was sentenced to life imprisonment. This court affirmed. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001) (*Bunch I*).

The prior convictions in 60CR–99–276 stemmed from the robbery of Head Waves Hair Salon in Little Rock. The judgment that Bunch attached to his habeas petition reflects that he was sentenced in that case to an aggregate sentence of 240 months' imprisonment. The Arkansas Court of Appeals affirmed the case on appeal. *Bunch v. State*, CR-00-1035 (Ark. App. May 16, 2001) (unpublished) (original docket number CACR00-1035) (*Bunch II*).

The final judgment that Bunch challenged in his habeas petition reflected additional charges in 60CR–99–276 and arose from a separate armed robbery of Salon MDC in Little Rock. This court affirmed that judgment. *Bunch v. State*, 346 Ark. 33, 57 S.W.3d 124 (2001) (*Bunch III*), *overruled by Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003), to the extent necessary to clarify the standard of review to be used to evaluate a trial court's ruling on the voluntariness of a confession. Bunch was convicted of four counts of aggravated robbery, three counts of theft of property, and one count of first-degree sexual abuse. *Id.*

He was again sentenced as a habitual offender and received an aggregate sentence of life imprisonment. *Id.*

In his habeas petition, Bunch alleged that the judgments were facially invalid and void. Bunch included multiple bases for that allegation, as follows: his trial counsel was ineffective; one of the prior judgments used to establish his habitual-offender status in 60CR-98-3654 was invalid as a result of insufficient evidence and trial error; he should have been sentenced under a different section of the habitual-offender statute, and he should have been treated as a first offender because he was only arrested once; there was error in the jury instructions failing to include an instruction for the other section of the habitual-offender statute; the court was not authorized to sentence him instead of submitting the question to the jury; he was prejudiced by being sentenced by the trial court to life without parole and by an amended judgment reflecting that the sentence was life.[2] Bunch also alleged that his due-process rights were violated by the admission of certain evidence of other crimes during the guilt phase of his trial. In its order dismissing the petition, the circuit court found that any issues concerning the imposition of an illegal sentence resulting from a sentence of life without parole were addressed by the amended judgment reflecting a sentence of "life," that

---

[2]Bunch raised issues concerning his eligibility for parole intertwined with these allegations, although his arguments in that regard are not clear. He did not raise a meritorious claim under *Miller v. Alabama*, 132 S. Ct. 2455 (2012), because he does not assert that he was a juvenile at the time of the offenses, and the judgments that he attached to the habeas petition do not indicate that he was a juvenile at that time. *See Sansevero v. Hobbs*, 2015 Ark. 379 (per curiam); *Hobbs v. Hodge*, 2015 Ark. 207, 461 S.W.3d 704. Issues concerning the improper denial of parole generally do not implicate jurisdiction or the facial validity of the commitment to fall within the purview of habeas proceedings. *Woodson v. Hobbs*, 2015 Ark. 304, 467 S.W.3d 147 (per curiam).

SLIP OPINION

Bunch's claims involving trial error, such as his allegations of inappropriate jury instructions and faulty admission of evidence, and his claims of ineffective assistance of counsel were not cognizable, and that the sentence imposed was within the statutory range.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, ___ S.W.3d ___. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Bunch did not invoke Act 1780, and, although he alleged that the judgments were facially invalid, he failed to demonstrate probable cause in support of that allegation. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Philyaw*, 2015 Ark. 465, ___ S.W.3d ___. Ineffective-assistance-of-counsel claims are also not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 585, 840 S.W.2d 166 (1992). Bunch's attempts to challenge the proof used to establish his status as a habitual offender were not claims cognizable for the writ. *Misenheimer v. Hobbs*, 2012 Ark. 343 (per curiam).

Bunch asserted that the trial court was without authority to sentence him because the jury was required by our statutes to impose the sentence, but the foundation for that argument rested on his claims that his habitual-offender status was wrongly determined. A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *Philyaw*, 2015 Ark. 465, ___ S.W.3d ___. This court addressed the issues raised at trial concerning the court's authority to sentence him without submitting the issue to the jury in *Bunch I* and *Bunch III*, and because Bunch has not alleged any trial error that would void the judgment, he cannot now assert the claim. [3]

Bunch contended that the sentence imposed was not authorized, but he did not demonstrate that the sentence fell outside the permitted statutory range. Bunch committed the offenses at issue in 1998. Aggravated robbery is a Class Y felony under the applicable statute, Arkansas Code Annotated section 5-12-103 (Repl. 2013). Under Arkansas Code Annotated section 5-4-401 (Repl. 2013), a Class Y felony was punishable by a sentence not less than ten years and not more than forty years or life. Regardless of Bunch's status as a

---

[3]Bunch argued that the jury was required to determine whether he should be sentenced under Arkansas Code Annotated section 5-4-501(a) rather than section 5-4-501(d). We note that, by its terms, section (a) of the statute only applies when the prior convictions are not one of those felonies noted in section (d) and that aggravated robbery is one of the felonies listed in section (d). Bunch also asserted that section 5-4-501(h) required him to be resentenced. Section 5-4-501(h) requires remand for resentencing under subsection (a) if subsection (d) is held invalid by a court. As previously noted, Bunch failed to raise a *Miller* violation, and he failed to point to any applicable case holding that a provision of section (d), the section under which he was determined to be a habitual offender, was invalid. The issues Bunch raised regarding his classification as a first offender concerned his eligibility for parole, and, as already noted, those issues are not ones cognizable in proceedings for the writ.

habitual offender, his sentence imposed by the judgment as amended fell within the statutory range for the offense. Moreover, he offered no facts that would support a cognizable claim challenging the determination that he was a habitual offender; and therefore, under Arkansas Code Annotated section 5-4-501 (Repl. 1997) he was subject to a mandatory life sentence. Bunch raised only claims of an excessive sentence, not an illegal one. *See Bliss v. Hobbs*, 2012 Ark. 315 (per curiam) (citing *Smith v. State*, 286 Ark. 247, 256, 691 S.W.2d 154, 159 (1985)).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Scott v. State*, 2014 Ark. 541 (per curiam). Bunch failed to meet his burden, the circuit court did not err in dismissing his petition, and he cannot prevail on appeal.

Motion to supplement record denied; appeal dismissed; motion for extension of time moot.