SLIP OPINION

Cite as 2016 Ark. 94

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–50

| | |
|---|---|
| JOSEPH O'NEAL | **Opinion Delivered** March 3, 2016 |
|                  PETITIONER | |
| | PRO SE MOTION FOR BELATED APPEAL |
| V. | [CHICOT COUNTY CIRCUIT COURT, NO. 09CR-93-64] |
| STATE OF ARKANSAS | |
|                  RESPONDENT | HONORABLE DON GLOVER JUDGE |
| | MOTION DENIED. |

**PER CURIAM**

In 2014, petitioner Joseph O'Neal filed a petition to correct an illegal sentence in the Chicot County Circuit Court challenging a judgment reflecting his 1994 conviction on charges of first-degree murder, robbery, and burglary. On May 26, 2015, the circuit court entered an order dismissing the petition as untimely. In 2016, O'Neal filed in this court the instant pro se motion for belated appeal of the May 26, 2015 order, in which he seeks to proceed with an appeal of the order despite his failure to file a timely notice of appeal. Because O'Neal fails to show good cause for this procedural default, we deny the motion.

There is no notice of appeal contained in the record, and O'Neal does not contend that he filed one. Arkansas Rule of Appellate Procedure–Criminal 2 requires an appellant to file his notice of appeal within thirty days of the date of the entry of an order denying postconviction relief. Ark. R. App. P.–Crim. 2(a) (2015). Under Rule 2, this court will allow a belated appeal from an order denying postconviction relief if the movant shows

good cause for the failure to file a notice of appeal within the required time. Ark. R. App. P.–Crim. 2(e); *see also Clay v. State*, 2015 Ark. 352 (per curiam).

O'Neal contends that he was unaware of the order dismissing his petition to correct an illegal sentence. He alleges that he became aware of the order only when he obtained a certified record from the circuit court clerk sometime after October 30, 2015. O'Neal appears to contend that a number of filings, including the order, were "backdated," but he provides no factual basis for the allegation that the order was not actually signed or entered on the dates marked. He contends that, because he made mistakes in seeking a writ of mandamus from this court and in obtaining a certified record of the proceedings, he has shown diligence.

This court has recognized good cause to excuse a petitioner's failure to timely file a notice of appeal in cases where the circuit court failed to abide by a mandatory requirement that it provide prompt notice to the petitioner of an order denying postconviction relief under Arkansas Rule of Criminal Procedure 37.3(d). *Green v. State*, 2015 Ark. 198 (per curiam); *see also Nelson v. State*, 2013 Ark. 316 (per curiam). Under circumstances such as those in the instant proceedings, that is, where there was no absolute duty imposed on a judge or a clerk to notify the petitioner that a petition for postconviction relief had been denied, a failure to provide timely notice of the denial does not, in itself, constitute good cause for the failure to file a timely notice of appeal. *Barber v. State*, 2015 Ark. 267 (per curiam).

Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their cases, and pro se litigants are held to the same standard as

licensed attorneys. *Id.* O'Neal does not contend that he made any inquiry concerning the status of his case; rather, he alleges that he mistakenly attempted to compel the judge to provide a ruling on the petition to correct an illegal sentence. O'Neal appears to have done so without first asking either the circuit court or the circuit court clerk whether an order had been entered, even though he indicates that he was aware that a draft order had been submitted to the court by the prosecutor. These stated facts demonstrate a lack of diligence, rather than an excuse for the failure to file a notice of appeal within the time required.

When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not doing so. *Miller v. State*, 2013 Ark. 182 (per curiam). O'Neal did not meet this burden.

Motion denied.