SLIP OPINION

Cite as 2016 Ark. 405

# SUPREME COURT OF ARKANSAS.

**No.** CR-16-798

| | |
|---|---|
| DANNY RAY HENINGTON<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 17, 2016<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[BENTON COUNTY CIRCUIT COURT, NO. 04CR-07-1642]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>MOTION DISMISSED. |

## PER CURIAM

In 2009, petitioner Danny Ray Henington was found guilty by a jury of the rape of his six-year-old step-granddaughter and was sentenced to 432 months' imprisonment. The Arkansas Court of Appeals affirmed. *Henington v. State*, 2010 Ark. App. 619, 378 S.W.3d 196.

Henington subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The petition was denied, and this court affirmed the order on April 26, 2012. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

On December 21, 2015, Henington filed in the trial court a pro se "memorandum in support for the writ of habeas corpus." In the request for the writ, Henington alleged the following: he had been denied effective assistance of counsel at trial; the State committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by allowing a witness to testify at his trial when she was not on the witness list and there had been no opportunity to interview

her before trial; the trial court failed to follow procedural rules and permitted inadmissible evidence to be introduced at trial; the trial court erred by allowing recorded video evidence in the jury's deliberation room. The trial court entered an order on March 15, 2016, in which it noted that Henington had already raised claims under Rule 37.1 and that the trial court had entered an order in 2015 holding that Henington was not entitled to proceed again under the Rule. The trial court further held that the claims in the request for a writ of habeas corpus were not cognizable as grounds for the writ.

Henington filed a pro se notice of appeal on May 6, 2016, and tendered the record to this court on June 21, 2016. Our clerk declined to lodge the appeal because the notice of appeal designated an order entered on March 23, 2016, which was not contained in the tendered record, and because the notice of appeal would not be timely even if the March 15, 2016 order that denied the habeas petition was the order from which Henington desired to take an appeal.

Under Arkansas Rule of Appellate Procedure–Criminal 2(a) (2015), Henington was required to file a notice of appeal within thirty days of the date of the entry of the March 15, 2016 order denying his petition for writ of habeas corpus. *Barber v. State*, 2015 Ark. 267 (per curiam). Now before us is Henington's pro se motion to proceed with a belated appeal of the March 15, 2016 order.

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of habeas corpus. *Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984). With that right, however, goes the responsibility to file a timely notice of appeal. However, we need not consider a petitioner's reasons for not filing

2

a timely notice of appeal when it is clear from the record that he or she could not prevail on appeal. *Early v. Hobbs*, 2015 Ark. 313, at 2, 467 S.W.3d 150, 151 (per curiam). An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward when the appeal would be without merit. *Bunch v. Kelley*, 2016 Ark. 58, at 2 (per curiam).

Here, Henington filed his petition in the trial court that did not have jurisdiction to have the writ, if issued, returned to it, and he did not raise grounds in his petition on which the writ could be granted. For those reasons, Henington clearly could not prevail on appeal. We dismiss the motion for belated appeal rather than deny it because the trial court could not have had the writ returned to it regardless of the merits of the petition. *Johnson v. McClure*, 228 Ark. 1081, 1081, 312 S.W.2d 347, 348 (1958) (holding a court cannot issue and make returnable to it a writ of habeas corpus if the petitioner is outside the court's authority).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within the State of Arkansas, unless the petition is filed pursuant to Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16–112–201 to -208 (Repl. 2006). *Williams v. State*, 2015 Ark. 448, 476 S.W.3d 154 (per curiam). A proceeding under Act 1780 is properly commenced in the court in which the conviction was entered. Ark. Code Ann. § 16–112–201(a). Henington did not raise grounds for relief under the Act.

When Henington filed his request for the writ, he was in custody in Texas under an agreement between the Arkansas Department of Correction ("ADC") and a correctional facility there. Therefore, for purposes of habeas corpus, he was detained in the custody of the ADC such that the circuit court in the Arkansas county in which the ADC was headquartered could issue a habeas writ to the director of the ADC and make it returnable in that county. *Hundley v. Hobbs*, 2015 Ark. 70, 456 S.W.3d 755, *reh'g denied* (Apr. 9, 2015). A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Pardue v. State*, 338 Ark. 606, 608, 999 S.W.2d 198, 199 (1999) (per curiam); *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991).

Moreover, even if Henington had filed his petition in the correct jurisdiction, he did not state a ground for issuance of the writ. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Russell v. Kelley*, 2016 Ark. 224, at 2. Under our habeas statute, a petitioner for the writ who is not proceeding under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Claims of trial error, such as those raised by Henington, are not cognizable in a habeas proceeding because they do not call into question the jurisdiction of the trial court or the

SLIP OPINION

facial validity of the judgment–and–commitment order. *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (challenges to the sufficiency of the evidence and admissibility of evidence are not cognizable in a habeas proceeding); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (due process and prosecutorial misconduct are matters of trial error and are not cognizable in a habeas proceeding). Likewise, claims of ineffective assistance of counsel are properly raised under Rule 37.1 and are not cognizable in habeas proceedings. *Lovett v. Kelley*, 2016 Ark. 127, at 3, 487 S.W.3d 361, 363; *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Tarkington v. Norris*, 2012 Ark. 147 (per curiam). Henington's allegations should have been argued at trial, on direct appeal, or in the petition he filed under Rule 37.1.

Motion dismissed.