SLIP OPINION

Cite as 2017 Ark. 57

# SUPREME COURT OF ARKANSAS.

**No.** CV–16–1059

| | |
|---|---|
| JEFFERY D. MORGAN<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** February 23, 2017<br><br>PRO SE MOTION FOR LEAVE TO PROCEED WITH A BELATED APPEAL<br>[LEE COUNTY CIRCUIT COURT, NO. 39CV-16-35]<br><br>HONORABLE KATHLEEN BELL, JUDGE<br><br>MOTION DISMISSED. |

**PER CURIAM**

Petitioner Jeffery D. Morgan, who is incarcerated in a facility located in Lee County, filed a petition for writ of habeas corpus in the Lee County Circuit Court. On May 23, 2016, the circuit court entered an order that denied the petition. On June 13, 2016, Morgan filed a motion requesting an extension of time in which to file a "Petition for Reconsideration," and on July 7, 2016, Morgan filed a motion for reconsideration and a motion for extension of time to file a notice of appeal. The circuit court entered orders denying the motion for reconsideration and the motion for extension of time on August 8, 2016, and, on the same date, Morgan filed his notice of appeal of the May 23, 2016 order. When the record was tendered to this court, our clerk declined to lodge it because the notice of appeal was not timely. Morgan filed the instant motion requesting permission to proceed with a belated appeal of that order. We dismiss the motion because it is clear that the appeal is without merit.

SLIP OPINION

Under Arkansas Rule of Appellate Procedure–Civil 4(a) (2016), Morgan was required to file his notice of appeal within thirty days of the date of the entry of the order to be appealed unless an extension of time was granted in accord with the rule. This thirty-day period expired on Wednesday, June 22, 2016. Morgan appears to contend that, because he filed a motion for reconsideration and a motion for extension of time within thirty days after the order denying the habeas petition had been entered and no order was entered ruling on those two motions within that same thirty days, his notice of appeal was timely.

A petitioner has the right to appeal an adverse ruling on a petition for postconviction relief, including a petition for writ of habeas corpus. *Halfacre v. Kelley*, 2016 Ark. 71 (per curiam). Yet an appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Early v. Hobbs*, 2015 Ark 313, 467 S.W.3d 150 (per curiam). We need not consider Morgan's claims concerning the timeliness of the notice of appeal because the claims raised in his habeas petition did not state a ground for issuance of the writ. *Henington v. State*, 2016 Ark. 405, 503 S.W.3d 751 (per curiam).

Morgan was convicted of kidnapping and second-degree battery, and he was sentenced as a habitual offender to concurrent terms of life and 180 months' imprisonment respectively. This court affirmed. *Morgan v. State*, 359 Ark. 168, 195 S.W.3d 889 (2004). In his habeas petition, Morgan raised five claims, all concerning his contention that his sentences were inappropriately enhanced under the applicable statute, specifically Arkansas Code Annotated section 5-4-501(b) (Supp. 2001).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Morgan did not invoke Act 1780 in his habeas petition.[1] He alleged that section 5-4-501(b) is unconstitutionally vague in that it fails to adequately define a violent crime, that out-of-state convictions were impermissibly used to enhance his sentences, that the judgment was facially invalid because the statute is unconstitutionally vague in that it references section 5-4-501(d), that he was not given a hearing outside of the jury's presence concerning which prior convictions qualified as a crime of violence, and that one of the prior convictions used to enhance his sentence was not a violent crime as defined under section 5-4-501(c) or (d). None of these claims established a factual basis to support

---

[1] Morgan alleged that the trial court "lacked the scientific predicate" before explaining the basis for his first vagueness claim, but he did not explain this statement or request that scientific testing be performed.

Morgan's allegations that the trial court lacked jurisdiction or that the commitment was facially invalid.

Habeas corpus proceedings do not afford a prisoner an opportunity to retry his case, and claims of trial error are not within the purview of the remedy. *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). To the extent that Morgan's claims alleged that the proof used to establish his status as a habitual offender was insufficient or that he was not provided an adequate hearing, those claims were not cognizable. *Bunch v. Kelley*, 2016 Ark. 58 (per curiam).

Morgan also alleged in his petition that his sentences were illegal because of the enhancements, and a meritorious claim of an illegal sentence does fall within the purview of the habeas remedy. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). This court views an allegation of a void or illegal sentence as being an issue of subject-matter jurisdiction. *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. When a habeas petition alleges an illegal sentence, we review the matter of the trial court's subject-matter jurisdiction to enter the sentence regardless of whether an objection was made to the trial court. *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003). Indeed, detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Id*. If the petitioner does not show that, on the face of the commitment order, there was an illegal sentence imposed, however, the petitioner's claim is not one that implicates the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. *Fields*, 2013 Ark. 416.

SLIP OPINION

In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Morgan's life sentence for kidnapping fell within the statutory range for that charge—which, as Morgan acknowledges, was a Y felony—regardless of whether the sentence was enhanced. Because the sentence fell within the sentencing range for the charge, Morgan's argument that enhancement of the sentence was illegal fails as to that charge. *See Kelley v. State*, 2015 Ark. 486 (per curiam).

As to Morgan's remaining arguments that his sentence for second-degree battery was illegal, this court has previously considered and rejected the argument Morgan makes that the habitual-offender statute contains a vague definition for a "serious felony involving violence" because the statute lists specific felonies. *Wooten v. State*, 2016 Ark. 376, 502 S.W.3d 503 (per curiam) (considering a more recent version of the statute containing the same language at issue).

As in *Wooten*, Morgan also alleged that the statute was unconstitutionally applied because his prior convictions included out-of-state felony convictions, and the statute did not clearly define a "violent felony" with regard to out-of-state felony convictions. But the definition of a violent felony for an out-of-state conviction was not needed in Morgan's case to determine that his sentence should be enhanced.

Morgan's sentence for second-degree battery was enhanced under section 5-4-501(b). That provision of the statute does refer to the list of felonies in section 5-4-501(c) and (d) to set out the criteria that must be met for an enhanced sentencing range in section

5-4-501(b)(2), but the prior convictions that may be used for enhancement under section (b) are four or more prior felonies that are *not* enumerated in section 5-4-501(c) and (d). Morgan appears to have misconstrued the provision as requiring that these prior convictions be violent felonies.

Morgan provided a list of six prior convictions that he indicated were used for enhancement purposes, and he contended that the two prior out-of-state convictions and one other prior conviction could not be considered violent felonies. He is correct, and in fact, none of the six prior convictions were included in the felonies that are enumerated in section 5-4-501(c) and (d). All six would therefore fall within the criteria to serve as prior convictions for enhancement listed in section 5-4-501(b). Even accepting Morgan's allegations that some of the prior convictions did not qualify as violent felonies under the statute, he did not demonstrate that his sentence was illegal or that the judgment was facially invalid.

Motion dismissed.