Cite as 2020 Ark. 182

# SUPREME COURT OF ARKANSAS

No. CV-19-327

| | |
|---|---|
| FREDRICK D. MASON<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | Opinion Delivered: May 7, 2020<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-19-3]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><br>AFFIRMED. |

**RHONDA K. WOOD**, Associate Justice

Fredrick D. Mason[1] appeals the dismissal of his pro se petition for writ of habeas corpus. Mason stated no ground on which the writ could issue under Arkansas law, and we affirm the circuit court's order.

## I. *Background*

In 2007, a jury found Mason guilty of two counts of aggravated robbery, two counts of theft of property, and second-degree battery. He was sentenced as a habitual offender to an aggregate term of 660 months' imprisonment. The court of appeals affirmed on direct appeal. *Mason v. State*, 2009 Ark. App. 794 (*Mason I*). Mason petitioned for writ of habeas corpus in 2019, alleging that the trial court lacked jurisdiction in his criminal case and that

---

[1]In some legal proceedings, Mason has also been known as "Frederick Mason" and "Frederick Dewayne Mason."

the judgment of conviction was invalid on its face. The circuit court dismissed his petition for failure to state a ground for the writ, and he appeals that dismissal.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is facially invalid or when a circuit court lacks jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court has authority to adjudicate the case. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not proceed under Act 1780 of 2001 alleging actual innocence must plead either the facial invalidity of the judgment or the trial court's lack of jurisdiction and show by affidavit or other evidence of probable cause that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). A circuit courts' inquiry is limited to the facial validity of the judgment and commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was facially invalid, there is no basis for issuing a writ of habeas corpus. *Fields v. Hobbs*, 2013 Ark. 416. This court will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when the

appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

III. *Claims of Violation of Habitual-Offender Statute*

Mason contends the trial court misapplied Arkansas's habitual-offender statutes. Ark. Code Ann. §§ 5-4-501 et seq. (Repl. 2006). He states the trial court should have independently verified his prior felony convictions before submitting that information to the jury. He maintains that the State's proof was not legitimate evidence of his prior convictions. Mason further argues that this flawed proof prejudiced the jury against him and violated equal protection and due process of law.

Mason's particular allegations of trial error do not implicate the facial validity of his judgment, nor do they demonstrate the trial court lacked jurisdiction. Mason disputes the evidence presented at his trial regarding his habitual-offender status; he maintains that the trial court should have neither accepted the State's proof nor published the same to the jury. But this type of claim—insufficient proof of habitual-offender status—is not cognizable in habeas proceedings. *See Morgan v. State*, 2017 Ark. 57, 510 S.W.3d 253. An issue regarding the admission of evidence is also not cognizable in habeas proceedings. *See Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408. Therefore, these assertions of trial error are not grounds for the writ. *Timmons v. Kelley*, 2018 Ark. 361, 562 S.W.3d 824.

The issues Mason raised in his petition for the writ should have been raised at trial, on direct appeal, or in his Rule 37 petition. And in both Mason's direct appeal and his Rule 37 appeal, the insufficient-proof argument was never raised. *See Mason I, supra*

3

(affirming direct appeal when counsel filed an *Anders* brief and only pro se point raised involved Mason's right to testify); *Mason v. State*, 2013 Ark. 492, 430 S.W.3d 759 (affirming Rule 37 appeal when only issues raised were counsel's failure to move for directed verdict; opening the door to prejudicial testimony; and failure to investigate). Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the trial court's jurisdiction. *Stephenson v. Kelley*, 2018 Ark. 143, at 5, 544 S.W.3d 44, 47. "Again, if there were errors at trial, those issues could, and should, have been raised at trial and on the record on direct appeal and are thus not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred at trial." *Id.* Thus, Mason failed to demonstrate any grounds for which a writ of habeas corpus could issue. We hold that the circuit court's dismissal of his petition was not clearly erroneous.

Affirmed.

Special Justice MICHELLE ATOR joins in this opinion.

HART, J., not participating.

*Fredrick D. Mason*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y General, and *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.